## VANCE EVANS McGEE, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 17078

October 8, 1986                                     725 P.2d 1215

*David G. Parraguirre,* Public Defender, *Daniel L. McCormick,* Deputy Public Defender, Washoe County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *Timothy G. Randolph,* Deputy District Attorney, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction upon jury verdict for one count of burglary and two counts of grand larceny. NRS 205.060; NRS 205.220. Appellant, Vance Evans McGee, contends on appeal that his constitutional right to due process of law was violated at his trial below. Specifically, McGee contends that the prosecutor improperly impeached his trial testimony with questions and comments concerning his exercise of his Fifth Amendment right to remain silent following arrest. *See* Doyle v. Ohio, 426 U.S. 610 (1976). Further, McGee asserts that this violation of his rights was compounded because the district judge

not only allowed the questioning to continue, but also invited the jury to consider McGee's post-arrest silence as evidence in the case. We agree, and in our view, the combined effect of these errors compels us to reverse appellant's conviction and remand for a new trial.

At the trial below, McGee testified on his own behalf. He related an exculpatory version of the events leading to his arrest which implicated an individual named Pedro as the actual perpetrator of the crimes charged. During cross-examination, the prosecutor asked appellant if he had "ever brought the name of Pedro or this relationship of Pedro to the attention of any law enforcement personnel since [appellant was] arrested?" The trial transcript then reflects the following exchange between the prosecutor and appellant McGee:

McGEE:
No, because I know better.
PROSECUTOR:
Well, explain to me "know better." Explain that.
McGEE:
Well, we have a right to remain silent—
MR. PETTY [Appellant McGee's attorney]:
Excuse me, your Honor. I'd like to interpose an objection, Counsel. Mr. McGee, as a defendant, is not required to give any statements to any police officers under any circumstances. So I'd make an objection to that line of questioning.
THE COURT:
I think you're right. He is not required to make any statement. But the fact he didn't make any is part of the evidence in this case.
MR. PETTY:
Well, okay. That is fine. Thank you.

The prosecutor then pursued this line of questioning as follows:

PROSECUTOR:
Now, you say you didn't bring it up because you know better. Explain that.
McGEE:
Because of the right to remain silent. As you know, by my past offenses, each one of them I plead guilty on and I did time on.
PROSECUTOR:
I don't deny—
McGEE:

PROSECUTOR:

Excuse me, your Honor, would the witness just answer my questions, please?

McGEE:

The wisdom of it—

THE COURT:

Just a minute, sir.

MR. PETTY:

Excuse me, your Honor.

THE COURT:

I want you to answer the question first and then if you want to explain your answer, you may do so. All right?

PROSECUTOR:

You realize from your past involvement that the whole intention behind a criminal investigation is to arrive at the truth; is that true?

McGEE:

Yes.

PROSECUTOR:

And didn't you feel it was important to arrive at the truth to say another person had been the one who committed those crimes?

McGEE:

Not at that time, not until I talked to a lawyer.

PROSECUTOR:

Wasn't it a fact that you were put in jail right after your arrest?

McGEE:

Immediately, yeah.

PROSECUTOR:

And you stayed in jail for awhile; correct?

McGEE:

No. How long?

PROSECUTOR:

You were there for at least three days?

McGEE:

Oh, yes.

PROSECUTOR:

And you didn't feel it was important enough to bring up this other person's name at that time?

McGEE:

No, I did not.

Moreover, during closing argument to the jury the prosecutor once again attempted to impeach McGee's credibility by reference to his post-arrest silence. Specifically, the prosecutor stated to the jury:

He [McGee] has been through this system on some pretty heavy crimes and yet he'll walk into this courtroom and tell you that he did not tell anybody about Pedro until today. He didn't tell anybody in the system, law enforcement. He didn't tell anybody in our offices.

It is well settled that the prosecution is forbidden at trial to comment upon an accused's election to remain silent following his arrest and after he has been advised of his rights as required by Miranda v. Arizona, 384 U.S. 436 (1966). *See* Doyle v. Ohio, 426 U.S. 610 (1976); Bernier v. State, 96 Nev. 670, 614 P.2d 1079 (1980); Vipperman v. State, 92 Nev. 213, 547 P.2d 682 (1976). Nonetheless, the prosecutor in this trial deliberately and repeatedly sought to discredit appellant's testimony with improper references to McGee's post-arrest silence. Such prosecutorial impeachment burdens the exercise of the right to remain silent to an intolerable degree. *See* Vipperman v. State, 92 Nev. at 216, 547 P.2d at 684. We cannot condone such blatant disregard for a well-established and frequently stated principle of fundamental fairness. *See, e.g.,* McGuire v. State, 100 Nev. 153, 157, 677 P.2d 1060, 1063 (1984).

The state asserts, however, that we should consider the prosecutor's improper impeachment as harmless error. In the past, we have held that "mere passing reference" at trial to an accused's post-arrest silence, "without more, does not mandate an automatic reversal." *See* Shepp v. State, 87 Nev. 179, 181, 484 P.2d 563, 564 (1971); *see also* Edwards v. State, 90 Nev. 255, 263, 524 P.2d 328, 334 (1974). As previously noted, however, the questions and comments in issue here were deliberate and repeated. Moreover, here the district court invited the jury to consider McGee's silence as evidence in the case. We have previously concluded that "due process prohibits any inference to be drawn from the exercise of one's constitutional right to remain silent after arrest." *See* Vipperman v. State, 92 Nev. at 216, 547 P.2d at 684. Under these circumstances, we believe that application of the harmless error doctrine in this case would amount to a complete abdication of our supervisory function.

We have considered the state's remaining arguments, and we conclude they are without merit. Accordingly, we reverse appellant's judgment of conviction and remand the case for a new trial.