TIMOTHY DAVID MAHAR, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 16429

December 4, 1986                              728 P.2d 439

*John S. Hill,* Fallon, for Appellant.

*Brian McKay,* Attorney General, Carson City; *William J. Rogers,* District Attorney, *Archie E. Blake,* Deputy District Attorney, Lyon County, for Respondent.

## OPINION

*Per Curiam:*

On December 16, 1984, appellant Mahar was observed in his vehicle weaving across the centerline of U.S. Highway 95A between Yerington and Fernley by Officer Roberson of the Lyon County Sheriff's Department. Officer Roberson signaled Mahar to pull off the road where Roberson then administered a field sobriety test after smelling the odor of alcohol on Mahar. Mahar

admitted that he had been drinking alcoholic beverages immediately prior to being stopped by Roberson. Deciding that Mahar was intoxicated, Officer Roberson recited the implied consent law along with advising Mahar of his Miranda rights. Mahar was then placed under arrest.

After departing the scene to transport Mahar to the Fernley substation, the officer in charge of impounding Mahar's vehicle found marijuana along with paraphernalia associated with smoking the substance in the small pick-up truck. Mahar was subsequently charged with unlawful possession of a controlled substance.

At trial Mahar testified that prior to reaching Yerington he had picked up a man and his adolescent son and had given them a ride into Yerington. It was this man, Mahar contended, who had left the marijuana in his vehicle. Mahar first disclosed this story to the jailer during a casual conversation but did not officially disclose the theory until trial.

Mahar testified in his own defense. The state, during cross-examination, made a vigorous attempt to discredit Mahar's hitchhiker story. Part of the state's attack on Mahar's hitchhiker theory was that he fabricated the story while in jail awaiting trial. Consistent with this idea, the state, in order to impeach the hitchhiker story, questioned Mahar as to why he had not discussed the hitchhiker with the police at the time of his arrest.[1]

This court has recently reiterated the rule set forth by the United States Supreme Court which governs this type of questioning: use for impeachment purposes of a defendant's silence at the time of arrest and after he has received a Miranda warning is constitutionally prohibited as it violates the defendant's due process right to a fair trial. Doyle v. Ohio, 426 U.S. 610 (1976); Aesoph v. State, 102 Nev. 316, 721 P.2d 379 (1986).

In *Doyle,* the two defendants were arrested after attempting to sell marijuana to a narcotics bureau informant. 426 U.S. at 611.

---

[1]The record displays the following colloquy which took place between Mahar and the prosecutor during cross-examination:

> Q  Why didn't you tell someone that you had a hitchhiker when you were being arrested for durgs? Why didn't you tell someone?
> A  They didn't ask me. What could I say, a hitchhiker got in my truck and then the cops say—
> Q  There were all kinds of cops you said?
> A  Well, they would say we will let you go? Nobody asked me that if I had a hitchhiker or not.

Although Mahar did not object to this questioning, the error is of constitutional dimension and therefore does not prevent review by this court. McGuire v. State, 100 Nev. 153, 677 P.2d 1060 (1984).

At trial, both defendants offered a "frameup" story as a defense which neither defendant had previously disclosed to the prosecution or law enforcement officers. The prosecutor, in an effort to undercut the explanation, asked each defendant why he had not told the frameup story to the narcotics agent at the time they were arrested. 426 U.S. at 613. The United States Supreme Court declared that this form of impeachment is impermissible as violative of the due process right to a fair trial. *Id.* at 617-18. Implicit in the Miranda warnings is the assurance that the defendant's silence will carry no penalty. *Doyle,* 426 U.S. at 618; *Aesoph,* 102 Nev. at 316, 721 P.2d at 383.

Consistent with *Doyle* the state's questioning of Mahar concerning his failure to discuss the hitchhiker at the time of his arrest is error.

It is important to note that the questioning by the prosecutor did not involve a conflict between a story told at trial *vis a vis* a story told at the time of Mahar's arrest; rather, the prosecutor's questioning served only to imply guilt from silence in not telling to the arresting officer his hitchhiker story. Further, the prosecutor's attack on Mahar's silence was not merely delivered as an innocuous, passing comment during closing argument. *Cf.* Fernandez v. State, 81 Nev. 276, 402 P.2d 38 (1965). Instead, this attack was delivered directly through the dialogue of cross-examination and went to the heart of Mahar's only defense. Because of this, it is difficult to imagine that the members of the jury could have been able to ignore the prosecutor's inference. We are, therefore, unable to declare that the error would be harmless beyond a reasonable doubt. *See Aesoph,* above; Chapman v. California, 386 U.S. 18, 24 (1967).

In light of this analysis, we need not discuss Mahar's remaining assignments of error. We conclude that Mahar's constitutional right to a fair trial, as defined by the United States Supreme Court, was violated. Accordingly, we reverse and remand for a new trial.