MARVIN CLYDE NEAL, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 19318

February 20, 1990                              787 P.2d 764

*David Parraguirre,* Public Defender, and *Jane McKenna,* Deputy Public Defender, Washoe County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

24

## OPINION

*Per Curiam:*

After proceeding in proper person at his jury trial, appellant Marvin Clyde Neal was found guilty of embezzlement. NRS 205.300. After reviewing Neal's numerous assignments of error, we conclude that the prosecutor improperly commented at trial on his post-arrest, post-*Miranda* silence. We also hold that the repetitiveness of the prosecutorial misconduct so prejudiced Neal's defense as to require reversal of his conviction and a new trial.

Neal was charged with embezzling funds from a 7-11 convenience store. At trial, Neal testified that he had been robbed and denied any wrongdoing. As the sole witness to the alleged robbery, Neal's credibility was crucial to his defense. On cross-examination, the following exchange took place:

PROSECUTOR:

Did you ever relate to [your parole] officer any of what you've testified to today in this courtroom?

NEAL:

No, I did not.

. . . .

PROSECUTOR:

. . . at any time did you tell anyone, Detective Yaryan, Detective Oxhorn, Hunter, Mecham, anyone what happened?

NEAL:

At that time when the forty-eight hours were up, I was under arrest.[1] No, I did not tell any officer anything.

. . . .

PROSECUTOR:

Did you ever tell anyone in law enforcement what you told this jury?

---

[1]Neal testified that after the robbers left, they instructed him not to notify the police or any authorities for forty-eight hours.

NEAL:
No, I did not.
PROSECUTOR:
You were in custody?
NEAL:
Yes.
PROSECUTOR:
Your family potentially was at risk?
NEAL:
Yes.
PROSECUTOR:
And you did not tell anyone in law enforcement who had the ability to do something; is that correct?
NEAL:
That is correct.

In his closing argument, the prosecutor again attacked Neal's credibility by referring to his post-arrest, post-*Miranda* silence and stating:

And the facts are that when he was detained on the 12th of April he didn't tell law enforcement one word of that story.

. . . .

Well, the police contacted him within forty-eight hours, and if [the robbers] are watching him like he says and if he is as con-wise as they say, then he has got to know that those family members are at risk.

Does he tell anyone? Does he tell anyone? No. He tells the attorneys later as he begins to work on his story, . . . .

The prosecution is forbidden at trial to comment upon a defendant's election to remain silent following his arrest and after being advised of his rights as required by Miranda v. Arizona, 384 U.S. 436 (1966). *See* Doyle v. Ohio, 426 U.S. 610 (1976). This court has repeatedly condemned such prosecutorial misconduct[2], and noted the enormous expense borne by the state each time such misconduct necessitates a retrial. McGuire v. State, 100 Nev. 153, 155, 677 P.2d 1060, 1062 (1984). Unfortunately, as this case illustrates, the problem continues.

We cannot conclude that the error in this case was harmless beyond a reasonable doubt. Neal's credibility was critical to his

[2]*See, e.g.,* Mahar v. State, 102 Nev. 488, 489-90, 728 P.2d 439, 440-41 (1986); McGee v. State, 102 Nev. 458, 461, 725 P.2d 1215, 1217 (1986); Aesoph v. State, 102 Nev. 316, 321-22, 721 P.2d 379, 382-83 (1986); McGuire v. State, 100 Nev. 153, 157, 677 P.2d 1060, 1063 (1984); Bernier v. State, 96 Nev. 670, 671-72, 614 P.2d 1079, 1080 (1980); and Vipperman v. State, 92 Nev. 213, 214-16, 547 P.2d 682, 683-84 (1976).

defense, the prosecutor's improper comments deliberate and repetitious. Absent those comments, it is not clear that the jury would have reached the same conclusion. Thus, we are compelled to reverse Mr. Neal's conviction and to order a new trial. *See Mahar,* 102 Nev. 488, 490, 728 P.2d 439, 441 (1986); Chapman v. California, 386 U.S. 18, 24 (1967).

Because we hold that a reversal and retrial are required due to the prosecutor's improper questions and comments, we need not reach Neal's remaining contentions. Accordingly, we reverse Neal's conviction of embezzlement and remand the case to the district court for a new trial.