# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEVIN WHITMORE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70926

FILED

OCT 30 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY___S. Young___
DEPUTY CLERK

## ORDER OF AFFIRMANCE

Appellant Devin Whitmore appeals his convictions for robbery, grand larceny auto, and battery constituting domestic violence. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge. We affirm.

### Whitmore's Motions for Mistrial

Whitmore first objects to the district court's denial of his two motions for a mistrial. We review a trial court's decision to deny a motion for mistrial under an abuse of discretion standard. *Ledbetter v. State*, 122 Nev. 252, 264, 129 P.3d 671, 680 (2006).

### First Motion

Whitmore made the first motion when, during her cross-examination, the injured party, Shores, accused Whitmore of selling drugs. The district court denied Whitmore's motion and promptly issued a curative instruction.

For a witness's unsolicited prejudicial statement to require mistrial, the movant must show the statement was "so prejudicial as to be unsusceptible to neutralizing by an admonition to the jury." *Parker v. State*, 109 Nev. 383, 388, 849 P.2d 1062, 1065 (1993) (internal quotation marks omitted). The curative instruction successfully neutralized Shores's

statement. While the statement was prejudicial, it was a single comment, unsolicited by the prosecution, with no direct bearing on the charges against Whitmore. *Ledbetter*, 122 Nev. at 264-65, 129 P.3d at 680 ("[A] witness's spontaneous or inadvertent references to inadmissible material, not solicited by the prosecution, can be cured by an immediate admonishment directing the jury to disregard the statement." (internal quotation marks omitted)). Thus, the district court did not abuse its discretion in denying Whitmore's first motion for a mistrial.

*Second Motion*

Whitmore made his second motion when the State asked if, after turning himself in, Whitmore told police about the man who he claims assaulted Shores. After the defense's objection, the court excused the jury and attempted to determine if Whitmore's silence was pre- or post-arrest. However, the court never made an explicit factual finding, and neither counsel presented an adequate record on the issue. The district court then denied Whitmore's motion for a mistrial and issued a curative instruction regarding Whitmore's right to remain silent and his presumption of innocence.

The prosecution may not use a defendant's post-arrest silence as evidence of guilt at trial. *McGee v. State*, 102 Nev. 458, 461, 725 P.2d 1215, 1217 (1986). But, use of a defendant's pre-arrest silence as evidence of guilt is proper, provided the defendant did not expressly invoke his right to remain silent. *Salinas v. Texas*, 570 U.S. ___, ___, ___, 133 S. Ct. 2174, 2179, 2184 (2013). A defendant's statements during custodial interrogation may be admitted at trial only after *Miranda* rights have been administered and validly waived. *Koger v. State*, 117 Nev. 138, 141, 17 P.3d 428, 430 (2001). Nonetheless, references to a defendant's exercise of Fifth Amendment rights are harmless beyond a reasonable doubt unless there is

a reasonable probability that the improperly admitted questions contributed to the conviction. *Schneble v. Florida*, 405 U.S. 427, 432 (1972).

It is unclear in the record if the State impermissibly commented on Whitmore's right to post-arrest silence, but even if so, such error is harmless beyond a reasonable doubt. The State's questions were vague and did not directly articulate that Whitmore failed to inform the police about Shores's alleged attacker. And, the district court promptly issued a curative instruction, further inoculating the jury from the situation's potential prejudice. Accordingly, there is no reasonable probability that the State's questions contributed to Whitmore's conviction.

## Challenging Two Jurors for Cause

Whitmore appeals the district court's denial of two challenges for cause during voir dire. Whitmore claims both jurors were equivocal about their impartiality. We review the district court's decision on a challenge for cause for an abuse of discretion. *Preciado v. State*, 130 Nev. 40, 44, 318 P.3d 176, 178-79 (2014).

The district court did not abuse its discretion. A district court's erroneous denial of a challenge for cause is reversible error only if it results in a biased empaneled jury. *Id.* at 44-45, 318 P.3d at 179. Neither challenged juror ended up on the empaneled jury and their preconceptions did not infect the jury panel. Thus, there is no reversible error.

## Hearsay

Whitmore asserts that the district court improperly admitted two hearsay statements over his objection under the excited utterance exception. The district court properly admitted both statements because Boyakins made the statements in the aftermath of Whitmore's attack on Shores. NRS 51.095 (providing that excited utterances are statements "relating to a startling event or condition made while the declarant was

under the stress of excitement caused by the event or condition"). The district court neither misinterpreted NRS 51.095 nor abused its discretion in admitting the statements as excited utterances. *See Hernandez v. State*, 124 Nev. 639, 646, 188 P.3d 1126, 1131 (2008).

### Boyakins's Speculative Testimony

Whitmore next claims that the district court abused its discretion in allowing Boyakins to confirm a prior statement during recross-examination over his objection that the prior statement rested on an assumption and so amounted to speculation. *See Hernandez*, 124 Nev. at 646, 188 P.3d at 1131. We disagree. Although Boyakins's prior statement involved an assumption, it did not amount to speculative testimony. Boyakins did not see who attacked Shores, but rationally based her inference on her perception of the events. NRS 50.265 (a lay witness may testify to his opinion or inferences if they are rationally based on the witness's perception and the testimony is helpful to a "clear understanding of the testimony of the witness or the determination of a fact in issue").

### 311 Call

Whitmore's final argument is that the district court abused its discretion in excluding the tape of Whitmore's 311 call under NRS 174.295, for his counsel's failure to disclose the tape promptly. A district court's findings of fact will not be disturbed on appeal unless they are clearly erroneous and unsupported by substantial evidence. *Campbell v. Maestro*, 116 Nev. 380, 383, 996 P.2d 412, 414 (2000).

Substantial evidence supports the district court's finding that Nadine Morton, Whitmore's counsel, failed without adequate excuse to timely disclose the tape. Morton claims she received the tape in the beginning of March. The trial started on March 16, thus defense counsel had about two weeks to either notify the State or deliver the tape, but failed

to do so. Disclosure of evidence on the first day of trial was inappropriate because Whitmore's trial was only scheduled to last approximately two days. Thus, the district court did not abuse its discretion in denying the tape's admission. *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008).

### *Conclusion*

Regarding any argument that we have not specifically addressed above, we have considered all arguments and claims and hold they do not warrant reversal. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Linda Marie Bell, District Judge
Law Office of Nadine Morton
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk