CHARLES CHAMBERLAND, Appellant, *v.*
DEBBIE LABARBERA, Respondent.

No. 24937

July 7, 1994                                      877 P.2d 523

━━━━━━━━━━━━

━━━━━━━━━━━━

---

[2]William Pitt, the elder, Earl of Chatham, Speech in the House of Lords (1763).

*Lyles, Austin & Burnett,* and *John R. Hawley,* Las Vegas, for Appellant.

*Richard H. Brattain,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On March 2, 1992, appellant Charles Chamberland ("Chamberland") crashed his car into the back of respondent Debbie Labarbera's ("Labarbera") vehicle. Labarbera filed a negligence suit against Chamberland. Her request for damages was less than $25,000.00, and therefore in accordance with Nevada Arbitration Rule ("NAR") 3, the matter was subject to mandatory arbitration.

On April 1, 1993, the case was heard by an arbitrator. The arbitrator found in favor of Labarbera and awarded her approximately $16,000.00 in damages. Chamberland filed a request for trial de novo on May 24, 1993. Labarbera moved to strike the request, arguing that Chamberland waived the right to a jury trial under NAR 22(A) by failing to act in good faith during the arbitration process. Labarbera asserted that Chamberland's counsel did not conduct any pre-arbitration discovery, and that Chamberland himself did not show up for the arbitration hearing. The hearing consisted of Labarbera offering testimony and evidence and Chamberland's counsel engaging in cross-examination.

On July 12, 1993, the district court struck Chamberland's request for trial de novo. Unfortunately, the district judge did not offer any rationale or make any particularized findings regarding Chamberland's alleged lack of good faith participation. The court simply stated that "having reviewed the submitted papers and hearing oral argument and good cause appearing therefor, IT IS HEREBY ORDERED that plaintiff's Motion to Strike defendant's Request for Trial De Novo be granted."

Immediately following this order, the discovery commissioner entered final judgment pursuant to NAR 19. The commissioner noted that in accordance with the rule, "[s]aid award shall have the same force and effect as a final judgment of the court in a civil action, but may not be appealed." Chamberland appeals the district court's order striking trial de novo and presents the following arguments: (1) the district court erred by not offering particularized findings regarding his alleged lack of good faith participation; and (2) the district court abused its discretion by delivering such a severe sanction under Nevada's Arbitration Rules. We agree with both contentions and accordingly reverse the district court's ruling.

As a preliminary matter, we note that this court has jurisdiction to examine the decision to strike Chamberland's request for trial de novo. NAR 19 provides that a litigant must file a request for a trial de novo within thirty days of an arbitration award in order to preserve any right of appeal.[1] If such a request is not filed, the

---

[1]NAR 19 provides as follows:

**Rule 19.  Judgment on award.**  If no party files a written request for trial de novo within thirty (30) days after service of the award on the parties, the clerk of the court shall, upon notification by the discovery commissioner, enter the arbitration award as a final judgment of the court. *Said award shall have the same force and effect as a final judgment of the court in a civil action, but may not be appealed.*

(Emphasis added.)

arbitration award is entered as a nonappealable judgment. Even though the district court struck Chamberland's request for a trial de novo, we conclude that the motion was timely filed in accordance with NAR 19, and the provisions of the rule prohibiting the right to appeal did not apply. In its decision to strike, the district court ordered that the "arbitration award be entered as a final judgment of the court." We construe this language as the entry of final judgment. Accordingly, this court has jurisdiction to address the decision to strike, within the context of Chamberland's appeal from a final judgment of the district court. NRAP 3A(b).

The Nevada Constitution provides a litigant with the right to a jury trial in civil proceedings.[2] This right may be waived by various means prescribed by law. NAR 22(A) states that a court may sanction an arbitration participant by refusing trial de novo if the participant has not acted in good faith:

> **Rule 22. Sanctions.**
>
> (A) The failure of a party or an attorney to either prosecute or defend a case in good faith during the arbitration proceedings shall constitute a waiver of the right to request a trial de novo.

Chamberland claims that the district court erred in its application of this rule. His argument is two-fold. Initially, Chamberland contends that the court erred by cursorily rejecting his request for trial de novo without offering specific findings of lack of good faith participation. We agree.

In Young v. Johnny Ribeiro Building, 106 Nev. 88, 787 P.2d 777 (1990), we established the general proposition "that every order of dismissal with prejudice as a discovery sanction be supported by an express, *careful and preferably written explanation of the court's analysis of the pertinent factors.*" Id. at 93, 787 P.2d at 780 (emphasis added). We ultimately upheld the sanction because the district court ruling was supported by a "careful" 18-page recitation of findings of fact and conclusions of law. We also noted that while the power to sanction was traditionally a discretionary function of the district court, "a somewhat heightened standard of review" applied to sanctioning orders that terminated the legal proceedings. Id. at 92, 787 P.2d at 779.

Although the procedural and factual climate of Young is different from the case at bar, the sanction at issue is the same. In the

---

[2]Nev. Const. art. 1, § 3 provides in pertinent part:

> The right of trial by Jury shall be secured to all and remain inviolate forever; but a Jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law . . . .

present case, the district court terminated the legal proceedings due to Chamberland's alleged misconduct. The magnitude of the sanction brings the action under the purview of *Young*. *Young* instructs that the district court must enter specific findings and conclusions when dismissing a party from a legal proceeding under NRCP 37. This not only facilitates appellate review, but also impresses upon the district court the severity of such a sanction.

We hereby adopt a similar principle for all future rulings under NAR 22(A). All forthcoming sanctioning orders under this rule must be accompanied by specific written findings of fact and conclusions of law by the district court describing what type of conduct was at issue and how that conduct rose to the level of failed good faith participation. We note that this rule is particularly appropriate for arbitration cases where the record on appeal is often scant, making review in this court extremely difficult. *See* Wichinsky v. Mosa, 109 Nev. 84, 847 P.2d 727 (1993) (describing problems on appeal presented by deficient record in arbitration appeal).

Aside from this procedural argument, Chamberland also claims that the district court abused its discretion by ruling that he failed to participate in good faith during arbitration. Again, we agree.

Although Chamberland did not conduct any discovery before the arbitration hearing, he claims that this was a tactical decision. The case was a rear-end collision and therefore liability was not a serious issue. Labarbera provided Chamberland with copies of all relevant medical records and her damages and expenses were modest. In light of these facts, extended discovery was unwarranted.

In addition, we cannot conclude that Chamberland's failure to attend the arbitration hearing warranted such a draconian sanction as terminating his right to further participate in the litigation process. With liability apparently not at issue, the entire dispute involved the extent of Labarbera's damages. Chamberland's counsel offered a defense at the arbitration hearing by cross-examining Labarbera and disputing her alleged injuries.

In sum, we conclude that the district court abused its discretion by imposing such a severe sanction upon Chamberland. Arbitration matters often involve simple disputes and meager claims for damages that do not warrant expensive pre-arbitration discovery or sophisticated "trial" techniques. Accordingly, we reverse the

district court's order striking Chamberland's request for trial de novo and remand for proceedings consistent with this opinion.