OPINION
 

 By the Court,
 

 Maupin, J.:
 

 This case arises from an October 23, 1995, automobile accident in a Las Vegas shopping center parking lot. Appellant Robert Campbell claims that his automobile engine stalled while pulling out of the lot onto a public thoroughfare. After restarting the car, he proceeded in reverse back into the lot to avoid oncoming traffic. In the process of completing this maneuver, Campbell’s vehicle struck another automobile occupied by respondents Joanna Maestro and Linda Costantino.
 

 It was ultimately determined that Maestro and Costantino were injured in the accident. Consequently, on June 17, 1996, they both commenced the action below against Campbell for their personal injuries. Pursuant to an automobile liability policy issued to Campbell, Nevada General Insurance (“NGI”) retained counsel to represent him in the litigation. It is undisputed that NGI controlled the defense from that point forward as was its right under
 
 *382
 
 the policy. The answer to the complaint denied liability and alleged contributory negligence on Maestro’s part. This was done, according to the record, without consulting Campbell.
 

 The case was assigned to the Nevada Court Annexed Arbitration Program under Nevada Arbitration Rule (NAR) 3. Although the liability of Campbell seemed quite clear, that issue remained contested until shortly before the arbitration hearing held on May 9, 1997, after the depositions of all parties were concluded.
 
 [1]
 
 NGI did not settle Maestro’s $2,041.69 property damage claims until immediately prior to the arbitration hearing. According to the record, contacts for purposes of settlement prior to the hearing, initiated by plaintiffs’ counsel with NGI counsel, were either rebuffed or failed to elicit a response.
 
 [2]
 

 The arbitrator’s May 13, 1997, decision recites his concern that Campbell’s defense attorney was not representing Campbell, but rather NGI, Campbell’s insurer.
 
 [3]
 
 The arbitrator awarded medical expenses and other damages to both Maestro and Costantino. Further, the arbitrator found that “Nevada General Insurance failed to arbitrate this matter in good faith” and, as a result, awarded attorney’s fees to Maestro and Costantino.
 

 Campbell filed a request for trial de novo and a demand for jury trial.
 
 See
 
 NAR 18 and 20. Maestro and Costantino moved to strike the request. The district court determined that Campbell, through his insurer, failed to arbitrate in good faith and granted the motion to strike.
 
 See
 
 NAR 22. In support of this ruling, the district court made the following findings:
 

 Defendant failed to participate in good faith in the Arbitration proceeding. Specifically,
 

 1. Defendant Robert Campbell admitted in his deposition that the accident was his fault.
 

 2. Defendant’s insurance company denied liability for a year and a half after the accident.
 

 3. Defendant’s insurance company did not pay for Plaintiff’s property damage until a year and a half after
 
 *383
 
 the accident, allegedly because there was a dispute about liability.
 

 4. Defendant’s attorney filed an Answer denying that the Defendant was negligent, and asserting as an affirmative defense an allegation that the accident was caused by negligence by the Plaintiff.
 

 5. The Arbitrator specifically found that the Defendant’s insurance company failed to Arbitrate this case in good faith.
 

 6. The Defendant’s insurance company did not make any settlement offer for Plaintiff Maestro’s personal injury claims until approximately a year and a half after the accident.
 

 Campbell timely appealed.
 

 Campbell contends the district court abused its discretion in finding that Campbell and NGI did not participate in “good faith” during the arbitration proceedings. Specifically, Campbell argues that (1) an arguably viable defense was litigated until abandoned in good faith and (2) the findings of fact are insufficient to justify the drastic remedy imposed by the district court.
 

 “A district court’s findings will not be disturbed on appeal unless they are clearly erroneous and are not based on substantial evidence.” Gibellini v. Klindt, 110 Nev. 1201, 1204, 885 P.2d 540, 542 (1994);
 
 see also
 
 NRCP 52(a). We conclude the above findings of fact, although substantially supported by the record, do not, as a matter of law, support the sanction imposed.
 
 See
 
 Nevada Ins. Guaranty v. Sierra Auto Ctr., 108 Nev. 1123, 1126, 844 P.2d 126, 128 (1992). Thus, we conclude that the matter should be remanded to the district court for further proceedings.
 

 Findings related to the participation of NGI in the lawsuit
 

 NGI first contends that its litigation activities on behalf of Campbell were irrelevant to any findings regarding whether a party to the arbitration proceedings, Campbell, acted in bad faith. In this, NGI clearly misperceives its role and legal relationship to these types of matters. NGI had the right and obligation to defend Campbell under its automobile liability policy. This right and obligation gave NGI the right to control tíre litigation, subject to the implied covenant of good faith and fair dealing owed to its insured, including the right to choose counsel to represent Campbell. Further, NGI counsel owed an ethical obligation under rules of professional responsibility to disclose information to both NGI and Campbell. This “dual agency” relationship was created by consent through the contract of liability insurance.
 
 See
 
 John Alan Appleman,
 
 Insurance Law and Practice
 
 7c, at 4681 (1979) (discussing the interrelationships created by the retention of
 
 *384
 
 defense counsel by liability insurers). It is incongruous for NGI to deny this relationship and to assert that the district court cannot take its litigation activities into account in resolving questions of good faith participation in the arbitration proceedings.
 

 Thus, the district court appropriately considered NGI’s litigation conduct for purposes of determining good faith participation in the arbitration process.
 

 Improper assertion of defenses
 

 Under the facts of this case, the district court did not abuse its discretion in finding, as a factual matter, that Campbell’s request for a trial de novo on all issues, including liability, was evidence of bad faith. At the time of the filing of the request, Campbell had conceded liability and paid Maestro’s property damage claims. Yet in pleadings and argument on the motion to strike, Campbell asserted he had a right to trial on the issue of liability, claiming there was a valid issue on the defense of necessity. The assertion of a marginal defense after abandoning that defense in the arbitration proceeding is certainly a factor the district court could consider in determining bad faith.
 

 However, a conclusion that Campbell was contesting liability in bad faith does not necessarily support a finding that Campbell’s position regarding the value of any injuries suffered by Maestro and Costantino is also invalid. The record before the district court contains little or no factual allegations that would support a conclusion that Campbell’s position regarding a trial on damages was unfounded and made for the purposes of delay or harassment. For this reason, we conclude that the severe sanction of striking a request for a trial de novo was not warranted in this case.
 
 See
 
 Young v. Johnny Ribeiro Bldg., Inc., 106 Nev. 88, 92-93, 787 P.2d 777, 780 (1990) (where dismissal with prejudice was granted for discovery abuse this court noted that such a severe sanction should be imposed only after a consideration of all the factors involved). The extent to which a less severe course of action is warranted must be left to the district court on remand.
 

 Failures to pay property damages and to make settlement offers
 

 The district court correctly noted the apparent intransigence of NGI and its counsel with regard to the prosecution of Campbell’s defense. However, there is no duty under the arbitration rules governing good or bad faith participation in arbitration proceedings to enter into settlement negotiations or to agree to make payment
 
 *385
 
 of any claim at any time regardless of the merits thereof. Refusals regarding settlement or payment, whether ill-advised or not, must be resolved under NRCP 68, NRS 17.115, NRS 18.010, NRCP 11, NAR 22(B) and the various rules regarding the payment of interest on judgments. Thus, refusals by NGI to honor certain claims or to enter into meaningful settlement negotiations, although possibly implicating its obligations to Campbell to act in good faith to avoid a judgment in excess of his policy limits, were not pertinent to the question of good faith participation in the arbitration program.
 

 Other issues raised by the conduct of NGI
 

 NGI concedes that its trial preparation with regard to the liability and damage issues was not particularly extensive. However, NGI’s conduct bears little distinction from that noted in Chamberland v. Labarbera, 110 Nev. 701, 877 P.2d 523 (1994). In
 
 Chamberland,
 
 this court held that the refusal to grant a trial de novo was too severe a sanction despite the fact that appellant failed to conduct any discovery for the arbitration hearing and, additionally, failed to personally attend the arbitration hearing.
 
 Id.
 
 at 705, 877 P.2d at 525.
 

 CONCLUSION
 

 The district court made particularized findings per
 
 Chamberland
 
 that NGI failed to arbitrate in good faith per NAR 22(A). It found that NGI improperly denied liability for a year and one-half after the accident, that a clearly valid claim for property loss went unpaid until the day of the arbitration hearing, that NGI failed to make settlement overtimes, and that it improperly interposed an affirmative defense to liability. However, aside from the issues we have determined may not be considered in striking a request for trial de novo, and aside from the factors we have deemed insufficient to justify the order, the findings do not support the sanction ultimately imposed.
 

 Failure to settle by any party is not relevant to good faith participation. Improper imposition of defenses to liability and/or damages, or use of the arbitration process as a device to obstruct and delay payment, are relevant.
 
 [4]
 

 See
 
 NAR 22(B). Failure to meaningftilly participate in the arbitration process on significant contested issues, dilatory tactics, changes in litigation tactics or strategy after seeking trial de novo in district court are also rele
 
 *386
 
 vant. For example, failure to depose, interview or investigate witnesses or to develop other evidence during arbitration proceedings may be relevant where no restrictions on such preparation have been imposed by the arbitrator. A complete change of approach in subsequent district court proceedings under such circumstances could be evidence of abuse of the arbitration process. Had findings along these lines been offered for review, we would not have hesitated to affirm the order striking the request for trial de novo. While we question the wisdom of the handling of the matter by NGI, and while some of the tactics it used are evidence of bad faith, the record below does not justify the complete elimination of the right to proceed to trial.
 
 [5]
 

 Accordingly, we hereby reverse the district court’s order striking the request for trial de novo and remand this matter to the district court for further proceedings consistent with this opinion.
 

 Shearing and Becker, JJ., concur.
 

 [1]
 

 Campbell ultimately admitted liability at his April 1, 1997, deposition.
 

 [2]
 

 Notwithstanding the concession of liability, Campbell’s counsel continued to maintain during oral argument on this appeal that an “emergency” defense could have been successfully lodged, and that an issue of fact remained on the question of whether Maestro was guilty of contributory/comparative negligence.
 

 [3]
 

 Such a concern, though understandable, fails to account for the fact that NGI had the right to control the defense and had no direct duties to these plaintiffs under Nevada law, other than those incident to its participation in the litigation.
 
 See
 
 Gunny v. Allstate Ins. Co., 108 Nev. 344, 830 P.2d 1335 (1992); Crystal Bay General Imp. Dist. v. Aetna Cas. & Sur., 713 F. Supp. 1371, 1377 (D. Nev. 1989); Tweet v. Webster, 610 F. Supp. 104 (D. Nev. 1985).
 

 [4]
 

 As noted, the intransigence of the defense on the issue of liability, while relevant, does not merit the full sanction imposed. Again, other sanctions may be appropriate on remand.
 

 [5]
 

 Our ruling today is in large part a recognition of the importance we attach to the right to a trial by jury in all civil matters.
 
 See Chamberland,
 
 110 Nev. at 704, 877 P.2d at 524.
 

 Campbell also raises various constitutional issues, which, in light of our disposition, are moot.
 
 See
 
 Director, Dep’t Prisons v. Arndt, 98 Nev. 84, 86, 640 P.2d 1318, 1320 (1982).