# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE5, MORTGAGE PASS-THROUGH CERTIFICATE, SERIES 2006-HE-5,
Appellant,
vs.
VEGAS PROPERTY SERVICES, INC.,
Respondent.

No. 74139



FILED

APR 29 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment, certified as final under NRCP 54(b), in a real property action. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Nadine McGahney purchased property subject to covenants, conditions, and restrictions (CC&Rs) through The Tripoly at Warm Springs South Homeowners' Association (the HOA). She obtained financing on the property through a deed of trust from New Century Mortgage Corporation (New Century). McGahney stopped paying her monthly HOA assessments, so the HOA retained Assessment Management Services (AMS) and initiated foreclosure proceedings.

AMS recorded a notice of default and election to sell and mailed it to New Century at the address listed on the deed of trust. New Century responded that it was in bankruptcy proceedings and no longer owned or serviced any mortgage loans. Thereafter, AMS recorded a notice of foreclosure sale and provided an affidavit of publication. AMS again mailed

the notice of foreclosure sale to New Century at the address listed on the deed of trust.

Shortly after the notice of foreclosure sale was recorded, McGahney entered into a payment plan with the HOA wherein she paid $3,000 in past due assessments. Meanwhile, the deed of trust was transferred to Deutsche Bank National Trust Company (Deutsche) from New Century via a corporate assignment of deed of trust. However, even though it appears that McGahney completed her payment plan, she was still past due on assessments, and a foreclosure sale eventually occurred. Vegas Property Services, Inc. (Vegas Property), purchased the property at the foreclosure sale.

Deutsche then initiated the underlying proceeding against Vegas Property for various causes of action. Vegas Property counterclaimed and subsequently sought summary judgment. Deutsche opposed summary judgment and requested relief to pursue further discovery under NRCP 56(f). The district court granted that request but limited it to certain discovery. After further discovery, the district court issued summary judgment in favor of Vegas Property. Deutsche now appeals summary judgment and the district court's limitation on discovery.

*Deutsche waived its argument that McGahney paid a sufficient amount to discharge the superpriority portion of the HOA lien*

Deutsche argues for the first time on appeal that McGahney paid a sufficient amount to discharge the superpriority portion of the HOA lien and this court should consider that argument because controlling law was changed while this action was pending. It argues that this court's recent unpublished disposition in *Saticoy Bay LLC Series 2141 Golden Hill v. JPMorgan Chase Bank ("Golden Hill")*, Docket No. 71246 (Order of Affirmance, Dec. 22, 2017), interprets NRS Chapter 116 so that

homeowners may pay off the superpriority portion of an HOA lien, warranting our consideration.

"A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal." *Old Aztec Mine, Inc. v. Brown,* 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). However, this court may consider any relevant issues to prevent plain error, such as "where a statute which is clearly controlling was not applied by the trial court." *Bradley v. Romeo,* 102 Nev. 103, 105, 716 P.2d 227, 228 (1986). Although *Golden Hill* interprets a statute that is controlling, the case itself is not "clearly controlling" such that it would warrant intervention. *Golden Hill* relies on undisputed evidence that the HOA applied the homeowner's payments to the superpriority portion of the homeowner's outstanding balance. *See Golden Hill,* Docket No. 71246 (Order of Affirmance, Dec. 22, 2017). Here, Deutsche failed to demonstrate that McGahney's payments addressed the ongoing superpriority portion of the lien, or that the HOA applied her payments to that portion, based on the amount that still remained past-due following McGahney's completion of the payment plan. Thus, *Golden Hill* is distinguishable from this case and is not "clearly controlling," such that it would warrant our intervention. Accordingly, we decline to consider this issue on appeal because this argument was not made in the district court.

*Deutsche had proper notice of the foreclosure*

Deutsche argues notice of the foreclosure did not comply with NRS Chapter 116 because the HOA never mailed notice to the proper servicer of the loan. Accordingly, it argues a triable issue of fact existed as to whether there was enough fraud or unfairness to set aside the foreclosure sale. We disagree.

A district court's decision to grant summary judgment is reviewed de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). This court has held that "a foreclosing party need not start the entire foreclosure process anew each time the subject property transfers ownership." *SFR Invs. Pool 1, LLC v. First Horizon Home Loans*, 134 Nev., Adv. Op. 4, 409 P.3d 891, 894 (2018). This is because "[t]he very purpose of recording statutes is to impart notice to a subsequent purchaser." *Id.* at 893.

We conclude that AMS complied with the notice requirements of NRS Chapter 116. Under NRS 116.31162(1)(b), an HOA must record a notice of default and election to sell "[n]ot less than 30 days after mailing the notice of delinquent assessment." Then, that notice need only be mailed to a holder of a recorded security interest if it "was recorded before the recordation of the notice of default." NRS 116.31163. Likewise, the notice of sale need only be mailed to a new holder of a security interest if that interest was "recorded before the mailing of the notice of sale." NRS 116.311635(1)(d). The record does not reflect that any new holder of a security interest was recorded before the notice of sale. Rather, the assignment here occurred after both the notice of default and election to sell and notice of foreclosure sale were recorded. AMS did not need to re-notice the sale after New Century assigned the deed of trust to Deutsche. *See First Horizon*, 134 Nev., Adv. Op. 4, 409 P.3d at 894. The letter stating that New Century had filed bankruptcy and routinely sold and assigned the loans it had originated is not equivalent to Deutsche recording a new security interest. Further, the notice of sale was published with Nevada Legal News, at the Clark County Courthouse, and at the Clark County Building. Thus, Deutsche had notice of the sale by publication, even if it was not entitled to

receive the notice by mail. Accordingly, we conclude that Deutsche had proper notice of the foreclosure sale and AMS complied with the appropriate notice requirements of such a sale.

*The district court did not abuse its discretion in limiting Deutsche's request for relief under NRCP 56(f)*

Deutsche argues that the district court abused its discretion in limiting discovery, arguing that further discovery was necessary to show that there was unfairness, other than price alone, making the HOA sale unreasonable, and additionally to show tender of the superpriority lien.

A court's decision to issue a continuance under NRCP 56(f) is reviewed for an abuse of discretion. *See Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 669, 262 P.3d 705, 713 (2011). It is a longstanding rule that "inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a [foreclosure] sale." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 643 (2017) (alterations in original, internal quotations omitted). "[I]f the district court closely scrutinizes the circumstances of the sale and finds no evidence that the sale was affected by fraud, unfairness, or oppression, then the sale cannot be set aside, regardless of the inadequacy of price." *Id.* at 648-49 (internal quotations omitted).

Here, the district court did allow for further discovery, pursuant to NRCP 56(f), and both parties filed supplemental briefs based on that discovery. The discovery allowed by the district court provided Deutsche an adequate opportunity to develop any genuine issues of fact that may have existed as to unfairness in the foreclosure sale. Further, the district court found that since there was no evidence of fraud, oppression, or concealment, the sale could not be unreasonable. Accordingly, allowing summary judgment proceedings to be continued for Deutsche to get an expert opinion

as to the value of the property would have been irrelevant to the court's determination, as Deutsche needed to show unfairness rather than price. We thus conclude that the district court did not abuse its discretion.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Kenneth C. Cory, District Judge
      Wright, Finlay & Zak, LLP/Las Vegas
      The Wright Law Group
      Eighth District Court Clerk

_____

[1]We have considered the parties' remaining arguments and conclude they are without merit.