# IN THE SUPREME COURT OF THE STATE OF NEVADA

WOODROW FOX,
Appellant,
vs.
DAVID WARREN,
Respondent.

No. 80668

WOODROW FOX,
Appellant,
vs.
DAVID WARREN,
Respondent.

No. 81212

**FILED**

SEP 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

These are consolidated appeals from district court orders dismissing a complaint in a tort action, awarding attorney fees and costs, and denying a motion to retax costs. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Appellant Woodrow Fox argues that the district court abused its discretion by (1) imposing sanctions on the ground that he violated NRS 199.240, a criminal statute, (2) imposing sanctions under EDCR 7.60(b)(3), (3) awarding attorney fees to respondent David Warren, and (4) denying his motion to retax costs. We agree.

"A district court's decision to implement sanctions is reviewed for an abuse of discretion." *MEI-GSR Holdings, LLC v. Peppermill Casinos, Inc.*, 134 Nev. 235, 242, 416 P.3d 249, 256 (2018). "However, this court employs a somewhat heightened standard of review for case-concluding sanctions." *Id.* (internal quotation marks omitted). "An abuse of discretion

occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Am. Sterling Bank v. Johnny Mgmt. LV, Inc.*, 126 Nev. 423, 428, 245 P.3d 535, 538-39 (2010) (internal quotation marks omitted). A "capricious exercise of discretion is one . . . 'contrary to the evidence or established rules of law.'" *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (citation omitted) (quoting *Capricious, Black's Law Dictionary* (9th ed. 2009)).

We review the district court's decision as a case-concluding sanction because it dismissed Fox's complaint with prejudice. *See Bahena v. Goodyear Tire & Rubber Co.*, 126 Nev. 606, 615 n.6, 245 P.3d 1182, 1188 n.6 (2010) (defining case-concluding sanctions as "cases in which the complaint is dismissed or the answer is stricken as to both liability and damages"); *Young v. Johnny Ribeiro Bldg., Inc.*, 106 Nev. 88, 93, 787 P.2d 777, 780 (1990) (providing factors for district courts to analyze before imposing case-concluding sanctions); *see also Chamberland v. Labarbera*, 110 Nev. 701, 705, 877 P.2d 523, 525 (1994) (explaining that case-concluding sanctions fall "under the purview of *Young*").[1] "[T]his court in *Young* listed several nonexclusive factors for consideration in imposing case-concluding sanctions." *MEI-GSR Holdings*, 134 Nev. at 242, 416 P.3d at 256. We "further require that every order of dismissal with prejudice as a discovery sanction be supported by an express, careful and preferably

---

[1]While we will not supply arguments on a party's behalf, *see Greenlaw v. United States*, 554 U.S. 237, 243 (2008) (providing that parties frame the issues for decision), we may consider relevant issues sua sponte to prevent plain error, *see Bradley v. Romeo*, 102 Nev. 103, 105, 716 P.2d 227, 228 (1986) (considering an issue sua sponte where the district court failed to apply controlling law). The imposition of case-concluding sanctions without an analysis under the *Young* factors is plain error because it contradicts controlling law.

written explanation of the court's analysis of the pertinent factors." *Young*, 106 Nev. at 93, 787 P.2d at 780.

We conclude that the district court abused its discretion for two reasons. First, it imposed case-concluding sanctions on the ground that Fox violated NRS 199.240. However, a criminal statute cannot be enforced in a civil proceeding. *See United States v. Claflin*, 97 U.S. 546, 554 (1878). Although the district court has authority to impose sanctions for litigation abuses, *Young*, 106 Nev. at 93, 787 P.2d at 780, it lacks authority to conclude that a party violated a criminal statute in a civil proceeding. Instead, the district court must first make findings under the *Young* factors before imposing case-concluding sanctions based on a party's misconduct. The district court's order was therefore capricious insofar as it imposed case-concluding sanctions on the ground that Fox violated NRS 199.240, instead of weighing the *Young* factors to assess his misconduct.

Second, the district court imposed case-concluding sanctions after finding that Fox was vexatious under EDCR 7.60(b)(3). However, it again failed to weigh the *Young* factors, so dismissing Fox's complaint with prejudice was capricious. *See Nev. Power Co. v. Fluor Ill.*, 108 Nev. 638, 646 n.8, 837 P.2d 1354, 1360 n.8 (1992) (noting that the requirements for the imposition of sanctions under EDCR 7.60 "are at least as stringent as the requirements [for discovery sanctions] under NRCP 37(b)").

Because the district court imposed case-concluding sanctions on two capricious grounds, we conclude that it abused its discretion.[2]

-------

[2]At oral argument, Warren argued that this court previously affirmed sanctions based on identical facts. *See Parkinson v. Bernstein & Assocs.*, Docket Nos. 59947/61089 (Order of Affirmance, Dec. 22, 2014). We are unpersuaded. Unlike Fox, the appellant in *Parkinson* waived any challenge

Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

_____

to the sanctions by failing to schedule an evidentiary hearing. *Id.* at 2. Moreover, the district court in that case did not summarily conclude that the appellant violated a criminal statute. *Id.* at 1-3. Also, Warren's reliance on *Parkinson* is improper because it was an unpublished order issued before January 1, 2016. *See* NRAP 36(c)(3).

[3]Because we reverse the district court's order dismissing Fox's complaint, we also reverse its orders awarding Warren attorney fees and denying Fox's motion to retax costs. *See Frederic & Barbara Rosenberg Living Tr. v. MacDonald Highlands Realty, LLC*, 134 Nev. 570, 571, 427 P.3d 104, 106 (2018) ("Because we reverse [the district court's order], we necessarily reverse the . . . award of attorney fees and costs.").

cc: Chief Judge, Eighth Judicial District Court
Eighth Judicial District Court, Department 2
Kristine M. Kuzemka, Settlement Judge
Lawrence J. Semenza, Ltd.
Keating Law Group
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A