BILL YOUNG, Appellant, *v.* JOHNNY RIBEIRO BUILD-ING, INC.; JOHN J. D'ATRI; LIVIA J. D'ATRI, Respondents.

No. 19672

February 22, 1990                          787 P.2d 777

*Patrick James Martin,* Reno, for Appellant.

*Lionel Sawyer & Collins,* and *M. Kristina Pickering,* Reno, for Respondent Ribeiro.

*Hill, Cassas, deLipkau & Erwin* and *Pierre A. Hascheff,* Reno, for Respondents D'Atri.

## OPINION

*Per Curiam:*

This is a discovery sanctions case. The district court found that appellant Bill Young (Young) willfully fabricated evidence during discovery. Based on this finding, the court sanctioned Young by dismissing his entire complaint, ordering Young to pay certain of the fees and costs of respondent Johnny Ribeiro Building, Inc. (JRBI), and adopting the accounting proposed by JRBI as the final accounting of Young's and JRBI's interests in the parties' partnership. We affirm the judgment of the district court.

## FACTS

Young, JRBI and respondent John J. D'Atri (D'Atri) were partners in a partnership to develop and sell real estate in Reno. Young filed this suit against JRBI, stating causes of action for an accounting and dissolution of the partnership, for breach of JRBI's fiduciary duty as managing partner to keep adequate records, and for breach of contract based on JRBI's failure to build the last 10 out of a promised 35 condominiums. Having no material disputes with Young and having settled his disagreements with JRBI, D'Atri is merely a nominal party to this appeal.

During discovery, Young gave JRBI two of his personal business diaries as supplemental discovery responses. The diaries contained dated handwritten notations by Young. The two most important sets of notations indicated that JRBI had orally guaranteed a profit to the partners of $45,000 per condominium, and that certain advances made by the partners to JRBI were understood to be interest-bearing loans rather than capital contributions, which do not carry interest. Young testified in deposition that he generally made the entries in these diaries nearly contemporaneously with the conversations recorded. Confronted with the suspicious looking nature of some of the notations, Young dissembled, saying he may have added some of the notations up to a year after the alleged conversations. Young denied ever having added any notations during discovery, but JRBI was not convinced.

Informed in chambers of JRBI's suspicion of fabrication, the court offered Young the opportunity to clarify when he made the notations after consulting with counsel. Young never recanted or clarified his original deposition testimony. JRBI brought a motion to dismiss based on the fabrications. After a full evidentiary hearing, the court found that Young had added the two sets of notations to his diaries just before turning the diaries over to JRBI during discovery and that Young had given conflicting accounts in his deposition regarding when he made, or may have made, the

entries. Based on these and other facts, the court found that Young had willfully fabricated evidence.

The court sanctioned Young by ordering him to pay JRBI's costs and fees on the motion to dismiss, by dismissing Young's entire complaint with prejudice, and by adopting the final accounting proposed by JRBI as a form of default judgment against Young. Young appeals the final judgment of sanctions, arguing that the severe sanctions were an abuse of discretion and that JRBI's accounting was factually insufficient to constitute a default judgment. JRBI requests sanctions pursuant to NRAP 38 on the grounds that this appeal is frivolous.

## LEGAL DISCUSSION

Young's appeal raises five main issues: whether the court's finding of willful fabrication was supported by substantial evidence; whether the court had authority to impose the sanctions; whether the court abused its discretion in imposing these sanctions, especially the harsh sanction of dismissal with prejudice; whether the accounting adopted by the court was factually sufficient as a default judgment; and whether this court should grant JRBI's request for NRAP 38 sanctions against Young for bringing this appeal.

I. *The court's finding of willful fabrication of evidence.*

The court's finding of willful fabrication is supported by substantial evidence. Based on chemical and microscopic examination of the two sets of diary notations, JRBI's forensic expert Albert Lyter testified that it was his opinion, to a reasonable scientific probability, that Young had written the entries in question with a different pen than the one used to make the original entries. Lyter further concluded that Young had added the entries during discovery soon before turning over the diaries to JRBI. Additionally, the highlighter which Young had used to call JRBI's attention to the entries smeared only the words which Lyter found to have been added during discovery. The words which were part of the original entries were not smeared. Young testified in deposition that he generally made the entries in the diaries nearly contemporaneously with the reported events and he denied having added any entries during discovery. If true, this testimony would greatly increase the probative value of the diaries. Coupled with Young's deposition testimony, the late-added diary entries constitute fabrication of evidence. The court further had substantial evidence on which to conclude that the fabrication was willful. Given the rather strong evidence that the entries were belatedly added, Young's failures to recant his denials and to clarify his

other patently misleading testimony regarding the timing of the entries in the face of the court's admonition to do so are strong indications of willfulness.

## II. *The sources of authority for the discovery sanctions.*

Two sources of authority support the district court's judgment of sanctions. First, NRCP 37(b)(2) authorizes as discovery sanctions dismissal of a complaint, entry of default judgment, and awards of fees and costs. Generally, NRCP 37 authorizes discovery sanctions only if there has been willful noncompliance with a discovery order of the court. Fire Insurance Exchange v. Zenith Radio Corp., 103 Nev. 648, 651, 747 P.2d 911, 913 (1987). The court's express oral admonition to Young to rectify any inaccuracies in his deposition testimony suffices to constitute an order to provide or permit discovery under NRCP 37(b)(2). Second, courts have "inherent equitable powers to dismiss actions or enter default judgments for . . . abusive litigation practices." Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 916 (9th Cir. 1987) (citations omitted). Litigants and attorneys alike should be aware that these powers may permit sanctions for discovery and other litigation abuses not specifically proscribed by statute.

## III. *Statement and application of the standards governing imposition of the discovery sanctions of dismissal and entry of default judgment.*

Where the discovery sanctions are within the power of the district court, this court will not reverse the particular sanctions imposed absent a showing of abuse of discretion. Kelly Broadcasting v. Sovereign Broadcast, 96 Nev. 188, 192, 606 P.2d 1089, 1092 (1980). Even if we would not have imposed such sanctions in the first instance, we will not substitute our judgment for that of the district court. *Id.* Where the sanction is one of dismissal with prejudice, however, we believe that a somewhat heightened standard of review should apply. First, fundamental notions of due process require that the discovery sanctions for discovery abuses be just and that the sanctions relate to the claims which were at issue in the discovery order which is violated. Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 591 (9th Cir. 1983). Second, while dismissal need not be preceded by other less severe sanctions, it should be imposed only after thoughtful consideration of all the factors involved in a particular case. Aoude v. Mobile Oil Corporation, Nos. 89-1690, 89-1696

(1st Cir. December 29, 1989) (Westlaw). We will further require that every order of dismissal with prejudice as a discovery sanction be supported by an express, careful and preferably written explanation of the court's analysis of the pertinent factors. The factors a court may properly consider include, but are not limited to, the degree of willfulness of the offending party, the extent to which the non-offending party would be prejudiced by a lesser sanction, the severity of the sanction of dismissal relative to the severity of the discovery abuse, whether any evidence has been irreparably lost, the feasibility and fairness of alternative, less severe sanctions, such as an order deeming facts relating to improperly withheld or destroyed evidence to be admitted by the offending party, the policy favoring adjudication on the merits, whether sanctions unfairly operate to penalize a party for the misconduct of his or her attorney, and the need to deter both the parties and future litigants from similar abuses. *See generally Wyle, supra; Aoude, supra; Kelly, supra;* Silas v. Sears Roebuck & Co., 586 F.2d 382 (5th Cir. 1978).

Having stated the pertinent abuse of discretion standard of review, we must now apply it. The court's money sanction was patently proper. Based on the rules just stated, we further hold that the district court did not abuse its discretion in imposing the more severe sanctions of dismissal and entry of default judgment. First, all of the claims dismissed related to the fabricated evidence. All these claims were designed to establish Young's interest in the partnership. The fabricated diary entries were highly relevant to the determination both of Young's profit share and any contract damages based on JRBI's failure to build the last 10 condominiums. Contrary to Young's contentions, the entires were also relevant to Young's cause of action for an accounting. Second, we cannot conclude that the sanctions were manifestly unjust. The court treated Young fairly, giving him a full evidentiary hearing and offering him the opportunity to clarify his testimony, which Young failed to do. Additionally, the order of dismissal did not operate to forfeit all of Young's return on his partnership investment. At oral argument, counsel for Young and JRBI stipulated that Young had made capital contributions to the partnership in the amount of about $12,500. Young has since received a return on his investment amounting to at least $240,000. Moreover, the district court's order permits Young to share equally with the other parties in any partnership assets remaining after JRBI satisfies its judgment for fees and costs from Young's share.

Third, the district court gave appropriately careful, correct and

express consideration to most of the factors discussed above. For example, the court believed there was a need to deter other litigants from similar practices and the court noted that JRBI would be prejudiced if required to respond with expensive forensic expert testimony to other portions of the diaries Young might seek to adduce as evidence. Fourth, we stress the importance of an express and careful discussion of the relevant factors supportive of dismissal. The better practice is to put this discussion in writing. Judge Whitehead's 18-page recitation of findings of fact and conclusions of law exemplifies the careful approach warranted before imposition of these severe sanctions. Finally, we note that this court has affirmed sanctions of dismissal and entry of default judgment based on discovery abuses even less serious than Young's.[1]

IV.  *The factual sufficiency of the default judgment entered as a discovery sanction.*

We reject Young's contention that JRBI's accounting entered as a default judgment against him was factually insufficient to constitute a default judgment of accounting.

In most cases involving entry of default judgments pursuant to NRCP 55(b) in favor of plaintiffs on unliquidated sums, the plaintiff must prove up both the fact and amount of damages by substantial evidence. *Kelly,* 96 Nev. at 193-94, 606 P.2d at 1092. In cases involving entry of default judgment as a discovery sanction, the non-offending party need only establish a *prima facie* case in order to obtain the default judgment. *Televideo,* 826 F.2d at 917. The offending party has forfeited the right to litigate this *prima facie* case. Thus, we will not reverse a default judgment entered as a sanction where the non-offending party has established a *prima facie* case by substantial evidence. JRBI's 15-page authenticated accounting summarized partnership disbursements, receipts, liabilities and assets. The accounting is further supported by several indexed files containing the primary source documents of partnership transactions. For these reasons, JRBI's documents suffice to state a *prima facie* accounting according to

---

[1]*See, e.g.,* Temora Trading Co. v. Perry, 98 Nev. 229, 645 P.2d 436 (1982), *cert. denied,* 459 U.S. 1070 (1982) (affirming default judgment entered against a defendant corporation where corporate officers failed to show up for depositions and corporation did not adequately respond to interrogatories); Havas v. Bank of Nevada, 96 Nev. 567, 613 P.2d 706 (1980) (affirming sanctions of dismissal of plaintiff's complaint and granting of default judgment in favor of defendant on defendant's counterclaim, on the ground that plaintiff failed to supplement interrogatory answers as ordered by the court); *Kelly, supra* (affirming sanctions of striking defendant's answer and entering default judgment against defendant based on defendant's incomplete and evasive answers to interrogatories in violation of court order).

the elements of an accounting as stated in Polikoff v. Levy, 270 N.E.2d 540 (Ill.Ct.App. 1971). We hold that the accounting adopted by the district court constitutes substantial evidence of a *prima facie* accounting. Even if correct, Young's sundry and specific criticisms of the accounting do not render the *prima facie* case insubstantial. By fabricating evidence Young has forfeited his right to object to all but the most patent and fundamental defects in the accounting.

## V.   *JRBI's request for sanctions pursuant to NRAP 38.*

We decline to grant JRBI's request for sanctions pursuant to NRAP 38. We recognize that Young's briefs were voluminous and that some of the issues he raised went to the merits of the lawsuit, rather than to the somewhat narrower issue of sanctions. Nevertheless, the issues raised by this appeal were quite broad and several of Young's arguments, not discussed in this opinion, had arguable relevance to these issues. Additionally, Young's belief that the court went too far in dismissing the entire complaint was understandable, especially given the lack of clear authority in this state governing the proper scope of discovery sanctions. Finally, due to the severity of the sanctions already imposed, additional appellate sanctions are not necessary to deter Young from future misconduct. We wish, however, to put litigants and attorneys on notice that willful abuse of court process in the trial court may well give rise to an inference of abuse of appellate process on appeal, rendering the possibility of sanctions under NRAP 38 more likely than in other cases.

## CONCLUSION

Substantial evidence supports the district court's conclusion that Young willfully fabricated evidence. The district court's sanctions were authorized both by NRCP 37(b)(2) and by courts' inherent powers to sanction abusive litigation practices. The district court's careful consideration of the several pertinent factors stated in this opinion amply satisfies the somewhat heightened standard of review which applies to this court's review of severe discovery sanctions. The default accounting ordered by the court satisfies the factual prerequisites to default judgments entered pursuant to NRCP 55(b). Young's appeal was not frivolously brought and thus does not warrant sanctions pursuant to NRAP 38. We deny Young's request for this court to take judicial notice of subsequent events in the D'Atris' separate suit against JRBI.

Because all of Young's remaining contentions are without merit, we affirm the judgment of the district court in all respects.