Justice Shearing,
with whom Justice Young agrees, concurring in part and dissenting in part:
*1182 I would affirm the judgment of the district court.
I agree that NRS 200.620 prohibits the recording of telephone conversations without the consent of both parties to the conversation, unless authorized or ratified by the court. The prohibited conduct is punishable as “a category D felony as provided in NRS 193.130.” NRS 200.690(l)(a). In addition, the violator is liable to the person whose communication was intercepted without his consent for damages. NRS 200.690(l)(b).
The plurality opinion would excuse Lane’s conduct on the basis that Lane did not intend to violate state law, even though he intentionally engaged in the prohibited conduct. Ignorance of the law has never been an excuse for criminal conduct. Whiterock v. State, 112 Nev. 775, 782, 918 P.2d 1309, 1314 (1996).
Courts have inherent equitable powers to dismiss actions for abusive litigation practices. Young v. Johnny Ribeiro Building, 106 Nev. 88, 92, 787 P.2d 777, 779 (1990). Therefore, since Lane violated Nevada law hundreds of times in his attempt to secure evidence, the district court was within its discretion in dismissing Lane’s complaint.