An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL PARKINSON,
Appellant,
vs.
EDWARD M. BERNSTEIN &
ASSOCIATES/LAS VEGAS; EDWARD
M. BERNSTEIN; AND JUSTIN
CLOUSER,
Respondents.

DANIEL PARKINSON,
Appellant,
vs.
EDWARD M. BERNSTEIN; JUSTIN
CLOUSER; AND EDWARD M.
BERNSTEIN & ASSOCIATES/LAS
VEGAS,
Respondents.

No. 59947

**FILED**

DEC 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

No. 61089

### *ORDER OF AFFIRMANCE*

These are consolidated appeals from district court orders dismissing a legal malpractice action for litigation abuse (Docket No. 59947) and awarding costs (Docket No. 61089). Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant argues on appeal that the district court erred by not holding an evidentiary hearing before dismissing his action on the basis that he engaged in witness tampering during trial. A district court has the inherent equitable power to dismiss actions as a sanction for abusive

14-41630

litigation practices. *Young v. Johnny Ribeiro Bld., Inc.*, 106 Nev. 88, 92, 787 P.2d 777, 779 (1990). Where the sanction imposed is within the power of the district court, "this court will not reverse the particular sanctions imposed absent a showing of abuse of discretion." *Id.*

Having considered the parties' arguments and appendices and the district court's May 1, 2013, order of dismissal, we conclude that the district court did not abuse its discretion in dismissing appellant's action. The record shows that the district court ordered the parties to coordinate a date to set an evidentiary hearing regarding the witness tampering allegation, but that appellant instead provided the district court with a proposed summary order dismissing his claims without requesting any such hearing. By failing to work to schedule the evidentiary hearing as directed by the district court, failing to object when the hearing was not set, and by affirmatively providing the district court with an order of dismissal before any such hearing was held, we conclude that appellant waived any right to an evidentiary hearing. *See Mahban v. MGM Grand Hotels, Inc.*, 100 Nev. 593, 596, 691 P.2d 421, 423 (1984) (concluding that "[a] waiver may be implied from conduct which evidences an intention to waive a right, or by conduct which is inconsistent with any other intention than to waive the right"); *see also Hudson v. Horsehoe Club Operating Co.*, 112 Nev. 446, 457, 916 P.2d 786, 792 (1996). And because appellant only challenged the order awarding costs on the basis that it should be reversed

if the dismissal order was reversed, we conclude that appellant has not provided any basis for reversing the cost award. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that this court need not consider claims that are not cogently argued or supported by relevant authority).

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Jessie Elizabeth Walsh, District Judge
William C. Turner, Settlement Judge
Sterling Law, LLC
Cobeaga Law Firm
Law Office of Martin Stanley
Christensen Law Offices, LLC
Prince & Keating, LLP
Eighth District Court Clerk

---

[1]In light of this order, we disapprove and deny the parties' stipulation and joint motion for confession of error.

SUPREME COURT
OF
NEVADA

(O) 1947A