# IN THE SUPREME COURT OF THE STATE OF NEVADA

WYNN RESORTS, LIMITED,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ELIZABETH GOFF GONZALEZ,
DISTRICT JUDGE,
Respondents,
and
KAZUO OKADA; UNIVERSAL
ENTERTAINMENT CORPORATION;
AND ARUZE USA, INC.,
Real Parties in Interest.

No. 71638

FILED

DEC 2 0 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF PROHIBITION OR MANDAMUS

This original petition for a writ of prohibition or mandamus challenges a district court order partially granting a motion to compel production of documents.

Having considered the petition and supporting documents, we are not persuaded that our extraordinary and discretionary intervention is warranted at this time. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). In particular, petitioner's overarching argument is that complying with the district court's order would require petitioner to violate foreign international privacy statutes and a contract with a foreign government. However, in

16-39523

*Las Vegas Sands Corp. v. Eighth Judicial District Court*, this court held that

> the mere presence of a foreign international privacy statute itself does not preclude Nevada courts from ordering ... parties to comply with Nevada discovery rules. Rather, the existence of an international privacy statute is relevant to the district court's sanctions analysis in the event that its order is disobeyed.

130 Nev., Adv. Op. 61, 331 P.3d 876, 880 (2014).

Based on *Las Vegas Sands*, we conclude that our review of petitioner's argument is premature. Additionally, and although we recognize petitioner's stance that the district court compelled its nonparty subsidiary to comply with the discovery order, in our view, the district court directed petitioner to exercise control over its subsidiary to the extent necessary for petitioner to comply with the discovery order.[1] If and when petitioner is found to have violated the discovery order, petitioner's inability to exercise control over its subsidiary may be a factor that the district court chooses to consider in determining what, if any, sanctions are warranted. *See id.* at 879; *Young v. Johnny Ribeiro Bldg., Inc.*, 106 Nev. 88, 92, 787 P.2d 777, 779 (1990) (recognizing that the decision

___

[1]We note petitioner's argument that it lacks the necessary control over its subsidiary for it to be deemed the custodian of the documents at issue. Based on the record before this court, it does not appear that petitioner made this argument before the challenged order was entered other than a brief mention of it at the September 2 hearing. We therefore decline to consider the argument in the first instance.

whether to impose discovery sanctions is within the district court's sound discretion). Accordingly, we

ORDER the petition DENIED.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Stiglich

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
Pisanelli Bice, PLLC
BuckleySandler LLP
Wright Stanish & Winckler
Eighth District Court Clerk

---

[2]The Honorable Ron D. Parraguirre, Chief Justice, and the Honorable Kristina Pickering, Justice, voluntarily recused themselves from participation in the decision of this matter.

In light of our disposition of this writ petition, petitioner's motion for a stay is denied as moot. Petitioner's motion to file volumes V-VII of its appendix under seal and redact portions of its writ petition is granted. SRCR 3(4)(b). Accordingly, we direct the clerk of this court to file the sealed appendices and writ petition that were provisionally received in this court on November 8, 2016, and to place an unredacted version of the writ petition in this court's nonpublic file.