133 Nev., Advance Opinion 109

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| X'ZAVION HAWKINS, AN INDIVIDUAL, <br> Petitioner, <br> vs. <br> THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JOANNA KISHNER, DISTRICT JUDGE, <br> Respondents, <br> and <br> GGP MEADOWS MALL, A DELAWARE LIMITED LIABILITY COMPANY; MYDATT SERVICES, INC., D/B/A VALOR SECURITY SERVICES, AN OHIO CORPORATION; AND MARK WARNER, AN INDIVIDUAL, <br> Real Parties in Interest. | No. 71759 <br><br> **FILED** <br><br> DEC 2 8 2017 <br><br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY_____ <br> CHIEF DEPUTY CLERK |

Original petition for a writ of mandamus challenging a district court order awarding attorney fees, as a sanction, for work done by later-disqualified attorneys.

*Petition granted.*

Injury Lawyers of Nevada and David J. Churchill and Jolene J. Manke, Las Vegas,
for Petitioner.

Backus, Carranza & Burden and Edgar Carranza, Las Vegas,
for Real Parties in Interest Mydatt Services, Inc., dba Valor Security Services; and Mark Warner.

SUPREME COURT
OF
NEVADA

(O) 1947A

17-44714

Lee, Hernandez, Landrum, Garofalo and David S. Lee and Charlene Renwick, Las Vegas,
for Real Parties in Interest GGP Meadows Mall; Mydatt Services, Inc., dba Valor Security Services; and Mark Warner.

---

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

## *OPINION*

By the Court, HARDESTY, J.:

In this petition for extraordinary writ relief, we address what the district court should have considered when awarding attorney fees sought for work done by a disqualified firm. We conclude that the district court must consider the factors from the Restatement (Third) of the Law Governing Lawyers § 37 cmt. d (2000) when awarding attorney fees sought for a disqualified law firm's work.

### *FACTS AND PROCEDURAL HISTORY*

At Meadows Mall in Las Vegas, petitioner X'Zavion Hawkins was shot multiple times by another patron while attending an event. Hawkins consulted with attorney Paul Shpirt at the Eglet Law Group concerning the shooting. Shpirt initially agreed to represent Hawkins, but later declined representation after reviewing the evidence. Hawkins retained a different attorney, who filed suit against real parties in interest GGP Meadows Mall; Mydatt Services, Inc., dba Valor Security Services; and Mark Warner (collectively, Meadows Mall) for premises liability and failure to provide adequate security.

Shpirt left the Eglet Law Group and began working at Lewis Brisbois Bisgaard & Smith (LBBS). In the underlying action, Meadows Mall retained LBBS to assist its separately retained counsel with its



defense in the matter. Meadows Mall then sought discovery sanctions and moved to dismiss Hawkins' complaint based on Hawkins changing his version of events, providing false information, and/or omitting information required by NRCP 16.1 from his discovery responses.

When LBBS discovered the conflict stemming from Shpirt's prior representation of Hawkins and the firm's current representation of Meadows Mall, LBBS screened Shpirt from the case. However, LBBS did not notify Hawkins of the conflict. When Hawkins discovered the conflict involving Shpirt, he moved to disqualify LBBS. While that motion was pending, the district court scheduled an evidentiary hearing to determine whether to dismiss Hawkins' complaint. LBBS participated in the evidentiary hearing and argued for dismissal. The district court denied the motion to dismiss, but it granted as a discovery sanction a curative jury instruction for Hawkins' discovery abuses.

Thereafter, the district court disqualified LBBS because the firm failed to notify Hawkins and failed to obtain his informed consent regarding the conflict pursuant to RPC 1.9 (duties to former clients) and RPC 1.10(e) (imputation of conflicts of interest). Meadows Mall substituted LBBS with Backus, Carranza & Burden.

Following the order imposing sanctions for Hawkins' discovery abuses, Meadows Mall sought attorney fees, requesting $29,201 for LBBS; $13,681.50 for its other retained counsel; and $11,442.50 for Backus, Carranza & Burden. At the hearing on the motion for attorney fees, the district court expressed concern over the amounts requested. Meadows Mall explained that it had to do extra work to ensure that none of the work that was negatively impacted by LBBS's conflict was used. Counsel for Hawkins requested supplemental briefing to consider whether a

disqualified law firm could receive attorney fees. Both parties provided supplemental briefing, and the district court ordered Hawkins to pay $41,635 for Meadows Mall's attorney fees, which was less than the total amount requested but which included $19,846 for work done by LBBS. The district court concluded that it had discretion to award attorney fees as sanctions, rejected Hawkins' contention that awarding fees to LBBS would be inappropriate, and noted that it reduced each of the law firms' awards from the amount requested because of "the number of lawyers and law firms involved in the Motion and Hearing at issue . . . [and] to be consistent with the nature and scope of the record and applicable law."

The sole issue we address in this opinion is whether the district court abused its discretion in failing to consider LBBS's disqualified status in awarding sanctions in the nature of attorney fees.[1]

## DISCUSSION

Hawkins maintains that a disqualified law firm which, like LBBS, violates its duty of loyalty to a former client should not collect attorney fees for the work it completed while violating that duty and that, therefore, Meadows Mall should not be awarded such fees as a sanction against him. Meadows Mall argues that the district court had broad discretion to impose sanctions against Hawkins for his failure to comply

---

[1]Hawkins also challenges the district court's decision to entertain the motion to dismiss despite the pendency of his disqualification motion and the jury instruction sanction. However, the district court denied the motion to dismiss, which resolves the issue in Hawkins' favor. Moreover, it does not appear from the record that the parties have drafted the challenged jury instruction. Thus, the jury instruction issue is not ripe for this court's review. See *Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) ("This court's duty is not to render advisory opinions but, rather, to resolve actual controversies by an enforceable judgment.").

with the discovery obligations, and thus, the sanctions were appropriate. We conclude that the district court failed to analyze the Restatement (Third) of the Law Governing Lawyers factors regarding attorney fees sought for a disqualified law firm, and we therefore grant writ relief.

*Writ relief is warranted*

It is solely within our discretion whether to entertain a writ of mandamus. *Anse, Inc. v. Eighth Judicial Dist. Court*, 124 Nev. 862, 867, 192 P.3d 738, 742 (2008). "A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, or to control a manifest abuse or an arbitrary or capricious exercise of discretion." *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 907-08 (2008) (internal quotation marks and alteration omitted). "A writ of mandamus is an extraordinary remedy that will not issue if the petitioner has a plain, speedy, and adequate remedy at law." *State v. Second Judicial Dist. Court*, 118 Nev. 609, 614, 55 P.3d 420, 423 (2002). However, we will consider a writ of mandamus even where there is an adequate remedy at law "under circumstances of urgency or strong necessity, or when an important issue of law needs clarification and sound judicial economy and administration favor the granting of the petition." *Id.* Because this case involves an important issue of law and judicial economy is served by our prompt consideration of that issue, given its isolation from the merits of the claims below, we grant this petition to clarify the appropriate factors a district court should consider when imposing sanctions that include attorney fees sought for a disqualified law firm.

*Factors courts must consider before awarding attorney fees as a sanction*

The district court's decision to impose discovery sanctions is committed to its discretion. *GNLV Corp. v. Serv. Control Corp.*, 111 Nev.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

866, 869, 900 P.2d 323, 325 (1995). The district court has authority to impose sanctions through NRCP 37 and its inherent equitable powers, including "sanctions for discovery and other litigation abuses not specifically proscribed by statute." *Young v. Johnny Ribeiro Bldg., Inc.*, 106 Nev. 88, 92, 787 P.2d 777, 779 (1990). Discovery sanctions can include an order to pay "reasonable expenses incurred . . . including reasonable attorney's fees." NRCP 37(c)(2).

In this writ petition, Hawkins does not dispute that he violated his discovery obligations. Rather, he contends that awarding fees to a disqualified law firm, LBBS, was inappropriate. In his supplemental briefing to the district court, Hawkins provided California authority that relied on the Restatement (Third) of the Law Governing Lawyers § 37 (2000), but the district court expressly rejected that authority.[2] The Restatement provides that "[a] lawyer's improper conduct can reduce or eliminate the fee that the lawyer may reasonably charge." Restatement (Third) of the Law Governing Lawyers § 37 cmt. a (2000). The Restatement also includes factors for the district court to consider in analyzing "whether

---

[2]Hawkins relied on *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Mfg. Co.*, 198 Cal. Rptr. 3d 253 (Ct. App. 2016), *review granted and opinion superseded*, 368 P.3d 922 (Cal. 2016). In *Sheppard*, an attorney disqualified because of a conflict of interest sought attorney fees, and the client asserted the conflict of interest as a defense to payment of fees. *Id.* at 272. The California Court of Appeal determined that the attorney was not entitled to fees because the attorney was involved in an actual conflict and "[i]t is the general rule in conflict of interest cases that where an attorney violates his . . . ethical duties to the client, the attorney is not entitled to a fee for his . . . services." *Id.* at 274 (internal quotation marks omitted). We note that the California Supreme Court granted the petition for review in that case, and thus we do not rely on the Court of Appeal's decision.

violation of duty warrants fee forfeiture." *Id.* § 37 cmt. d. The factors are (1) "[t]he extent of the misconduct," (2) "[w]hether the breach involved knowing violation or conscious disloyalty to a client," (3) whether forfeiture is "proportionate to the seriousness of the offense," and (4) "[t]he adequacy of other remedies." *Id.*

The Restatement further explains that for flagrant violations, forfeiture is justified even where no harm is proved, but for minor violations, merely reducing the fee may be warranted. *Id.* "The remedy of fee forfeiture presupposes that a lawyer's clear and serious violation of a duty to a client destroys or severely impairs the client-lawyer relationship and thereby the justification of the lawyer's claim to compensation." *Id.* § 37 cmt. b. Additionally, "[f]orfeiture is . . . a deterrent," and it allows courts to impose a sanction where damages from attorney misconduct are difficult to measure. *Id.* The Ninth Circuit has reasoned that, where an attorney simultaneously represents clients with conflicting interests without getting written informed consent, "[a]n attorney cannot recover fees for such conflicting representation . . . because payment is not due for services not properly performed." *Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1358 (9th Cir. 1998) (internal quotation marks and citation omitted); *see also State Farm Mut. Auto. Ins. Co. v. Hansen*, 131 Nev., Adv. Op. 74, 357 P.3d 338, 342 n.6 (2015) ("The representation of clients with conflicting interests and without informed consent is a particularly egregious ethical violation that may be a proper basis for complete denial of fees." (quoting *Rodriguez v. Disner*, 688 F.3d 645, 655 (9th Cir. 2012))). Moreover, "[a] court has broad equitable power to deny attorneys' fees (or to require an attorney to disgorge fees already received) when an attorney represents clients with conflicting interests." *Rodriguez*, 688 F.3d at 653.

Meadows Mall argues that this case is distinguishable from Hawkins' provided authority because, here, the attorney fees were ordered in the form of sanctions from the opposing party to the disqualified law firm's former client, whereas in *Sheppard* and other cases applying the Restatement factors, the attorney was directly seeking attorney fees from the client. We acknowledge that these factors have been analyzed in cases involving attorneys seeking fees from clients and that this writ involves a different context. Nevertheless, we determine that it is appropriate to consider the Restatement factors when the district court orders payment of attorney fees in the form of sanctions to a disqualified law firm's former client because the policy underlying fee forfeiture applies without regard to for whom the court orders the attorney fees paid; a party should not be awarded attorney fees that ultimately are not due the attorney. *See id.* at 654 (stating that "payment is not due for services not properly performed" (internal quotation marks omitted)); *see also Silbiger v. Prudence Bonds Corp.*, 180 F.2d 917, 920 (2d Cir. 1950) ("Certainly by the beginning of the Seventeenth Century it had become a common-place that an attorney must not represent opposed interests; and the usual consequence has been that he is debarred from receiving any fee from either, no matter how successful his labors." (footnote omitted)).

## *CONCLUSION*

We therefore hold that when imposing sanctions in the form of attorney fees, a district court must analyze and apply the factors from the Restatement (Third) of the Law Governing Lawyers § 37 cmt. d (2000) in determining whether an award of attorney fees based on work done by a disqualified law firm is reasonable. The district court did not do so here when imposing sanctions in the form of attorney fees for work done by LBBS, a disqualified law firm. As the district court awarded the attorney

SUPREME COURT
OF
NEVADA

(O) 1947A

fees without the benefit of our guidance on this issue, we grant the petition and direct the clerk of this court to issue a writ of mandamus directing the district court to vacate its order granting the motion for attorney fees and to reconsider the motion in light of this opinion.[3]

_____, J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Stiglich

---

[3]Given our resolution of this writ petition, we hereby vacate the stay imposed by our April 11, 2017, order.