# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP; AND
JENNIFER W. ARLEDGE,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
RONALD J. ISRAEL, DISTRICT
JUDGE,
Respondents,
  and
DAVID P. ANASTASI; CONCETTA
ANASTASI; PHW LAS VEGAS, LLC;
AND CAESARS ENTERTAINMENT
CORPORATION,
Real Parties in Interest.

No. 74711



FILED

JAN 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
   DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges a district court order imposing sanctions against petitioners.

Petitioners served as defense counsel in a slip-and-fall tort action filed by plaintiffs/real parties in interest, David P. and Concetta Anastasi. Plaintiffs filed a motion to strike defendant's answer to the complaint and for sanctions, arguing that defendant and petitioners concealed relevant evidence. The district court granted the motion in part, striking the answer as to liability and sanctioning defendant and petitioner law firm with attorney fees, finding that lead defense counsel and defense witnesses lied during their depositions and "intentionally concealed crucial

*19-04779*

evidence," resulting in prejudice to plaintiffs and "the most egregious abuse by counsel and Defendant" that the court had seen.

In seeking writ relief, petitioners argue that although a district court may impose sanctions for abusive litigation practices, it generally does so only for repeated discovery abuses or willful disregard of the discovery process, which they contend did not happen here. Petitioners assert that the district court's analysis and resultant findings that petitioners intentionally concealed evidence is faulty for two main reasons. First, they assert that the district court sanctioned them to deter them from future discovery abuses by improperly relying on a case outside the record and its incorrect understanding of the rulings in that case, leading to conclusions that lack substantial evidence. Second, petitioners assert that there was not a "shred of evidence" to support that they intentionally or willfully failed to produce records, and the court's contrary finding underscored its consideration of each of the factors relevant to a discovery sanction determination, "thus infecting its overall analysis and ultimate conclusion."

Having considered the parties' arguments and supporting documents, we conclude that the district court acted within its discretion in imposing monetary and reputational sanctions against petitioners. *Watson Rounds, P.C. v. Eighth Judicial Dist. Court*, 131 Nev. 783, 786-87, 358 P.3d 228, 231 (2015) (observing that a petition for writ relief is the proper method for law firms and attorneys to challenge orders imposing monetary sanctions against them, and that such orders are reviewed for an abuse of discretion); *see Valley Health Sys., LLC v. Estate of Doe*, 134 Nev., Adv. Op. 76, 427 P.3d 1021, 1030, 1032 (2018) (applying same standard in considering order imposing reputational sanctions); *see also Young v. Johnny Ribeiro Bldg., Inc.*, 106 Nev. 88, 92, 787 P.2d 777, 779 (1990)

(recognizing that a district court has inherent authority to award sanctions for discovery and other litigation abuses). The district court's findings as to intentional concealment are supported by substantial evidence, including documentary evidence, deposition transcripts, and evidentiary hearing testimony,[1] and we perceive no error in the district court's analysis of the *Young* factors and its resulting conclusion that the discovery abuses warrant monetary and reputational sanctions.[2] *Valley Health Sys.*, 134 Nev., Adv. Op. 76, 427 P.3d at 1031-33 (denying writ relief to law firm and its attorneys against whom reputational sanctions were imposed where record supported district court's findings regarding false statements);

---

[1]We are not persuaded by petitioners' argument that the order's incorporation of plaintiffs' timeline resulted in incomplete or inaccurate findings. Most entries in the timeline included citations to exhibits and deposition/hearing transcripts, which support the district court's findings, and while some entries also included allegations from the complaint, the district court pointed to those entries in observing that plaintiffs' factual allegations were distinguishable from other earlier slip-and-fall cases involving defendant in which the same evidence was disclosed.

[2]Although petitioners assert that the district court would not have found the need for deterrence without improperly relying on a case outside the record, they acknowledge that they did not object to the court's limited references to that case at the hearing, and thus waiver applies. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived . . . ."). Even if not waived, petitioners do not explain how the court's reference to that case necessarily means it would not have otherwise found the deterrence factor weighed in favor of sanctions and they instead speculate that the court may have improperly obtained factual information from the judge in the other case. In analyzing the deterrence factor, however, the court found that petitioners' actions in concealing evidence were the most serious the court had seen, warranting sanctions to deter petitioners from considering repeating those actions. Thus, petitioners have failed to demonstrate that the district court abused its discretion in analyzing that factor.

*Watson Rounds*, 131 Nev. at 789-91, 358 P.3d at 233-34 (granting writ relief to law firm sanctioned with attorney fees where the district court failed to make adequate findings supporting its decision); *Young*, 106 Nev. at 93, 787 P.2d at 780 (providing that the pertinent factors to consider in a sanctions determination include "the degree of willfulness of the offending party, the extent to which the non-offending party would be prejudiced by a lesser sanction, . . . whether sanctions unfairly operate to penalize a party for the misconduct of his or her attorney, and the need to deter both the parties and future litigants from similar abuses"); *see also Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) (recognizing that in reviewing a district court's decision, this court does not reweigh evidence or second guess credibility determinations).  Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Ronald J. Israel, District Judge
Lemons, Grundy & Eisenberg
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP/Las Vegas
Bertoldo Baker Carter & Smith
Marquis Aurbach Coffing
Hall Jaffe & Clayton, LLP
Eighth District Court Clerk

