# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT KERN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
NANCY L. ALLF, DISTRICT JUDGE,
Respondents.

No. 83636

**FILED**

MAY 16 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## *ORDER GRANTING PETITION*

This original petition for a writ of mandamus challenges a district order sanctioning petitioner for attorney misconduct.[1] The underlying case is a business dispute between co-owners of a company. One co-owner filed an emergency motion seeking access to a company warehouse and requested a same-day hearing. Petitioner Robert Kern, counsel for the opposing party, filed a brief opposition less than an hour after the motion was filed. In addition to substantively opposing the emergency motion, Kern explained that he could not attend a same-day hearing as he had a previously scheduled moot argument with eight attorneys to prepare for oral argument before this court in a different case the following day. Kern was concurrently communicating this information to opposing counsel via email. At some point, district court staff also attempted to contact Kern regarding the hearing but was told that Kern was unavailable.

The district court scheduled a hearing for that same afternoon. Kern did not attend. The district court continued the hearing but

---

[1]The petition alternatively requests a writ of prohibition. As we grant relief based on grounds other than the district court exceeding its jurisdiction, we need not address the alternative request. *See* NRS 34.320 (defining writs of prohibition).

22-15329

sanctioned Kern for his failure to appear after providing Kern with a brief opportunity to explain his earlier absence. In its order, the district court found that "Mr. Kern emailed the Court and counsel 'protesting' any hearing being held without his presence," and that its "staff attempted to contact Mr. Kern prior to the hearing, but was informed that Mr. Kern was unavailable." It further found that "failure to appear at the June 10, 2020 hearing or respond to the Court's staff was unexcused, inappropriate, and demeaned the Court." Based on these findings, and its "inherent and broad discretion to impose sanctions for professional misconduct," the district court ordered that Kern "make a mandatory charitable donation in the amount of $100." Kern now seeks a writ of mandamus directing the district court to vacate the sanctions order.[2]

Kern correctly notes that mandamus is the appropriate way for a sanctioned attorney to seek review of a sanctions order, *see Watson Rounds, P.C. v. Eighth Judicial Dist. Court*, 131 Nev. 783, 786-87, 358 P.3d 228, 231 (2015) ("Sanctioned attorneys do not have standing to appeal because they are not parties in the underlying action; therefore, extraordinary writs are a proper avenue for attorneys to seek review of sanctions."), and argues that our extraordinary intervention is warranted because no misconduct justified the sanctions order. Where, as here, the district court is entrusted with discretion on an issue, Kern must demonstrate that "the law [was] overridden or misapplied, or [that] the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will," to be entitled to writ relief. *Walker v. Second*

---

[2]This court dismissed Kern's previous challenge to the sanctions order in an appeal from the final district court judgment for a lack of jurisdiction. *See Muney v. Arnould*, Nos. 81354, 81355, 81356, 2021 WL 4238755 (Nev. Sept. 16, 2021) (Order Dismissing Appeals).

*Judicial Dist. Court*, 136 Nev. 678, 680-81, 476 P.3d 1194, 1197 (2020) (quoting *State v. Eighth Judicial Dist. Court*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011)); *see also Young v. Johnny Ribeiro Bldg., Inc.*, 106 Nev. 88, 92, 787 P.2d 777, 779 (1990) (recognizing that a district court may, in its discretion, sanction attorneys under its inherent power to control attorney misconduct).

Based on the record before us, we agree with Kern and conclude that mandamus relief is warranted because the district court's sanctions order was manifestly unreasonable. Indeed, Kern timely notified the district court and opposing counsel of his significant prior commitments and provided a substantive opposition to the emergency motion before the court scheduled the hearing.[3] The respondent district court cites to *Wyssbrod v. Wittjen*, 798 So. 2d 352, 358 (Miss. 2001), for its apparent proposition that an attorney's nonappearance alone is sufficient to warrant sanctions.[4] However, *Wyssbrod* is distinguishable. The attorney in that case had advance notice about the status conference for which he failed to appear and also had advance notice that "the court would not recognize as valid his explanation for not attending the hearing." 798 So. 2d at 357-60.

And to the extent the district court based its sanctions on Kern's alleged instructions to his staff to rebuff the district court's staff's attempts

---

[3]We also note that EDCR 2.26 provides that "[i]n no event may the notice of the hearing of a motion be shortened to less than 1 day."

[4]The respondent district court also relies on NRCP 16(f)(1)(A), which provides that district courts may sanction attorneys for failure "to appear at a scheduling or other pretrial conference," as an example of when a court may impose sanctions for an attorney's nonappearance. But that rule only applies to "scheduling or other pretrial conference[s]." *Id.* And, presumably, the parties would have advance notice of any such conferences, which would support sanctions for nonappearance.

to reach Kern, the record contains no evidence supporting this finding. *See Valley Health Sys., LLC v. Est. of Doe*, 134 Nev. 634, 641, 427 P.3d 1021, 1028 (2018) (reviewing district court findings supporting a sanctions order for substantial evidence). Based on the foregoing, we conclude that the district court's sanctions order is manifestly unreasonable.[5] Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its June 12, 2020, order imposing sanctions against petitioner.[6]

_____, C.J.
Parraguirre

_____, J.
Herndon

GIBBONS, Sr. J., concurring:

I concur in the result only.

_____, Sr. J.
Gibbons

cc:  Hon. Nancy L. Allf, District Judge
     Kern Law, Ltd.
     Attorney General/Las Vegas
     Eighth District Court Clerk

---

[5]Because we grant relief on this ground, we need not address Kern's additional arguments about the standard of review, due process, and the respondent district court's alleged NRAP 28(e)(1) violation.

[6]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.