142 Nev., Advance Opinion 45



FILED
Jun 18 2026
ELIZABETH A. BROWN
CLERK OF SUPREME COURT

## IN THE SUPREME COURT OF THE STATE OF NEVADA

YANLING ZHANG,
Appellant,
vs.
YANHUI ZHANG,
Respondent.

No. 90509

Appeal from a district court order dismissing a complaint in a business dispute for failure to provide a computation of damages. Eighth Judicial District Court, Clark County; Anna Albertson, Judge.

*Vacated and remanded.*

Lin Law Group and Michael M. Lin, Las Vegas,
for Appellant.

Ocampo Wiseman Law and Timothy A. Wiseman, Las Vegas,
for Respondent.

_____

BEFORE THE SUPREME COURT, STIGLICH, CADISH, and LEE, JJ.

*OPINION*

By the Court, CADISH, J.:

Appellant Yanling Zhang sued her sister, respondent Yanhui Zhang, to recover funds Yanling contributed toward the purchase of four investment properties through an alleged joint venture, as well as her share of the venture's profits. Finding that Yanling failed to provide an adequate computation of damages under NRCP 16.1, the district court granted

Yanhui's motion in limine to exclude all evidence of damages, which in effect barred Yanling from proving the damages element of her claims. As a result, the district court dismissed Yanling's complaint with prejudice, concluding that there was nothing left to litigate. Because the district court's bar on damages evidence effectively operated as a case-terminating sanction, it was required to analyze the *Young v. Johnny Ribeiro Building, Inc.*, 106 Nev. 88, 787 P.2d 777 (1990), factors to determine whether such a sanction was warranted. Thus, although the district court correctly found that Yanling did not provide the requisite damages computation, the court's failure to analyze the *Young* factors before imposing this sanction was an abuse of discretion. Accordingly, we vacate and remand.

## FACTS AND PROCEDURAL HISTORY

Yanling alleged that she and Yanhui formed a joint venture, under which Yanling provided $200,000 to Yanhui for the purchase of four residential properties in Las Vegas with an understanding that they would run a rental property business together. Yanling believed that she and Yanhui had an agreement, albeit unwritten, that entitled each to 50% of the properties' rental income and/or sales proceeds. But when Yanhui purchased the four properties, she titled them in her name only. In addition, Yanhui subsequently sold one of the properties and retained all the sales proceeds. Thereafter, Yanling attempted to add her name to the titles through a living trust, and when that failed, Yanling commenced the underlying lawsuit. Early in the litigation, after Yanhui did not timely answer the complaint, Yanling entered a default against Yanhui and filed an application for default judgment. Yanling's application included a calculation of her initial investment and claimed entitlement to a 50-percent share of rental and sale proceeds. Yanhui successfully moved to set aside the default and then answered the complaint.

A few months before the scheduled trial on Yanling's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and conversion, and after the close of discovery, Yanhui filed a motion in limine seeking to preclude evidence of special damages, arguing that Yanling did not provide a sufficient computation of damages under NRCP 16.1(a)(1)(A)(iv). At the motion hearing, Yanling asserted that the computation was disclosed "in the moving papers," but the district court expressed concern because it did not have any such disclosures to review. Indeed, Yanling neither filed a computation of damages with the court nor attached it to her opposition to the motion in limine. Yanling was unable to inform the district court when any damages disclosure was produced but argued that the damages in this case were straightforward. With the trial date roughly two months out, and lacking a computation from Yanling to review, the court allowed Yanling one week to provide a supplemental computation of damages.

The court held a second hearing five days after the deadline for Yanling's supplemental computation, at which Yanling acknowledged that she did not provide the supplemental computation because her expert "just didn't have enough time." The court concluded Yanling failed to act with diligence in providing a computation of damages. The court then granted Yanhui's motion in limine to preclude evidence of special damages and ordered briefing on whether there was anything left to litigate. Without moving for reconsideration, Yanling filed a supplemental computation of damages, eight days after the court-imposed deadline for the supplement. Yanling argued that even with evidence of special damages excluded, her claims could nonetheless proceed under a "general damages" theory because it was clear from the beginning of litigation that the dispute concerned her

3

$200,000 investment and the split-profit arrangement from the sale of and/or rental proceeds from the four houses. At the final calendar call, the district court rejected Yanling's arguments, determining that she sought to recover specific, not general, damages and thus was required to provide a detailed computation of those alleged damages under NRCP 16.1. Accordingly, because Yanling had failed to do so, the district court determined there was nothing left for trial and dismissed Yanling's complaint with prejudice. Yanling appeals.

## DISCUSSION

*The district court did not err in determining Yanling was required to disclose a computation of damages under NRCP 16.1*

Yanling argues that a computation of damages is required only for special damages and the district court erred by misclassifying all of her damages as special rather than general damages . In this, Yanling asserts that she was not required to provide a computation of her "general damages," which included "return of her $200,000 investment and fifty percent of the sale and rental proceeds." She thus contends that the district court erred in determining that she was required to make a damages computation disclosure.

For civil complaints seeking damages, mandatory pretrial discovery disclosures include "a computation of each category of damages claimed by the disclosing party." NRCP 16.1(a)(1)(A)(iv). Yanling sought damages in her complaint, and thus the plain language of NRCP 16.1(a)(1)(A)(iv) required Yanling to disclose a computation of her claimed damages. The purpose of this computation is to "enable the defendants to understand the contours of their potential exposure and make informed decisions regarding settlement and discovery." *Calvert v. Ellis*, No. 2:13-CV-00464-APG, 2015 WL 631284, at *2 (D. Nev. Feb. 12, 2015), *cited with*

4

*approval in Pizarro-Ortega v. Cervantes-Lopez* , 133 Nev. 261, 265, 396 P.3d 783, 787 (2017). Unless otherwise agreed or an objection is made, a party must make initial disclosures within 14 days after the early case conference. NRCP 16.1(a)(1)(C). And a party is required to supplement disclosures under NRCP 16.1 at appropriate intervals if they learn that disclosed information is either incomplete or incorrect. *Capanna v. Orth* , 134 Nev. 888, 894, 432 P.3d 726, 733 (2018); NRCP 26(e)(1).

Yanling conflates the concept of general damages in personal injury cases as described in *Pizarro-Ortega*, 133 Nev. at 265 n.7, 396 P.3d at 787 n.7, with the definition of general damages in contract cases. [1] Consistent with the drafter's notes to the 2004 amendment to NRCP 16.1, which specified that the computation requirement is "intended to apply to special damages, not general or other intangible damages," *Pizarro-Ortega* clarified that pain-and-suffering damages are a category of general or other intangible damages that need not be disclosed under NRCP 16.1. *Id*. That holding has no import here, where Yanling's damages are based in contract and tort theories with tangible, quantifiable damages based on her $200,000 investment and the rental income or sale proceeds generated therefrom. Accordingly, the district court properly rejected Yanling's argument that she was not required to provide a damages computation under NRCP 16.1(a)(1)(A)(iv). *See Humphries v. Eighth Jud. Dist. Ct.* , 129 Nev. 788, 792,

---

[1]Yanling's proposed definition of general damages, "those that naturally and foreseeably flow from the breach itself," is based on a New York court's interpretation that is not pertinent here because it concerns New York law and was not made in the context of addressing damages disclosure requirements at all. *Reads Co., LLC v. Katz* , 72 A.D.3d 1054 (N.Y. App. Div. 2010). That case does not negate the requirement under Nevada law to provide an NRCP 16.1(a) computation of damages when they are quantifiable.

312 P.3d 484, 487 (2013) (applying de novo review to the district court's interpretation of the Nevada Rules of Civil Procedure).

Relatedly, the district court properly rejected Yanling's argument that her application for default judgment and expert disclosure satisfied the NRCP 16.1(a)(1)(A)(iv) damages computation disclosure requirement. These other materials filed and served for other purposes cannot satisfy NRCP 16.1's mandatory requirement of a damages computation independent of other discovery obligations. Moreover, she failed to provide those materials for the court's review. As the district court explained, it could not assess the adequacy of any purported disclosure without actually reviewing the materials, emphasizing that Yanling was relying on documents she had not presented to the court. As Yanling did not attach or otherwise produce those documents in her opposition to the motion in limine to substantiate her claim that Yanhui had been provided a computation of damages, the court acted within its discretion in requiring that Yanling file a supplemental computation to demonstrate compliance with NRCP 16.1(a)(1)(A)(iv). Despite being given another opportunity to supply the requisite damages computation on the virtual eve of trial , Yanling failed to comply with the court's directive. On this record, we discern no abuse of discretion in the district court's finding that Yanling violated NRCP 16.1.

*The district court abused its discretion in failing to analyze the* Young *factors*

Generally, we review a district court order regarding discovery sanctions for an abuse of discretion. *Foster v. Dingwall* , 126 Nev. 56, 65, 227 P.3d 1042, 1048 (2010). When the order imposes case-terminating sanctions, however, we apply a somewhat heightened standard of review. *Id*. "Under this somewhat heightened standard, the district court abuses its discretion if the sanctions are not just and do not relate to the claims at

issue in the discovery order that was violated." *Id.* (citing *Young v. Johnny Ribeiro Bldg., Inc.*, 106 Nev. 88, 92, 787 P.2d 777, 779-80 (1990)).

A district court may sanction a party for failing to make disclosures or cooperate in discovery, NRCP 16.1(e)(3); NRCP 37(c), but it must apply the *Young* factors whenever it orders "dismissal with prejudice as a discovery sanction." 106 Nev. at 93, 787 P.2d at 780. Those factors include (1) the offending party's degree of willfulness, (2) the extent of prejudice to the nonoffending party by a lesser sanction, (3) the severity of dismissal relative to the abusive conduct, (4) whether evidence has been irreparably lost, (5) the feasibility and fairness of alternative and less severe sanctions, (6) the policy favoring adjudication on the merits, (7) whether sanctions unfairly operate to penalize a party for the misconduct of their attorney, and (8) the need to deter parties from similar abuses. *Id.*

Yanling argues that the district court abused its discretion in imposing a case-ending sanction without applying the *Young* factors. Yanling further asserts that the district court erred by failing to consider whether any alleged omissions in the damages computations were substantially justified or harmless under the NRCP 37(c)(1) analytical framework. She contends that any failure to provide a timely supplemental disclosure was harmless because Yanhui was on notice of her potential liability from the outset of the litigation when Yanling included a detailed calculation of her initial investment and her entitlement to a 50-percent share of rental and sale proceeds in her default judgment application. Yanling states that Yanhui cannot claim prejudice from any deficiency in Yanling's disclosures when many of the documents needed to prove damages were in Yanhui's possession and Yanhui refused to disclose them

7

despite discovery requests, such that Yanling had to rely on fair market value and outside sources to compute damages.

Yanling also claims her detailed supplemental computation demonstrates that any deficiency was harmless because it did not disclose new documents to Yanhui, the district court had already indicated it would be inclined to continue trial if necessary, no discovery deadlines were undermined, and no testimony was foreclosed. Yanling asserts that feasible alternatives included awarding attorney fees or granting a brief continuance of trial to allow supplementation.

We agree with Yanling that when a district court issues a discovery sanction under NRCP 37 that ultimately and necessarily results in a dismissal with prejudice —here, granting a motion in limine to bar evidence of damages—the district court must support its order "by an express, careful and preferably written explanation of the court's analysis of the pertinent factors." *Young*, 106 Nev. at 93, 787 P.2d at 780. Discovery sanctions must be just and relate to the violations at issue and should only be imposed after thoughtful consideration by the district court. *Id*. at 92, 787 P.2d at 780. Here, the district court effectively dismissed Yanling's case with prejudice by precluding her from presenting evidence of damages, a necessary element of her claims, and thus leaving her with no remaining claims to litigate. Granting the motion in limine to exclude such evidence under NRCP 37(c)(1) therefore had the same effect as if the district court "dismiss[ed] the action or proceeding in whole or in part" under NRCP 37(b)(1)(E). Since the district court did not analyze the *Young* factors before entering an order granting the motion in limine and entering its final order dismissing Yanling's complaint with prejudice, it abused its discretion under our somewhat heightened standard of review.

*CONCLUSION*

A district court cannot issue a discovery sanction for failing to provide required disclosures under NRCP 16.1 that, in effect, is a case-ending sanction without analysis of the *Young* factors. Although the court here did not explicitly issue an NRCP 37(b)(2) discovery sanction of dismissal, granting the motion in limine under NRCP 37(c)(1) and barring any damages evidence from being presented resulted in the termination of the case because damages were an essential element of the asserted claims. Such an action must be supported by clear and thoughtful consideration of the *Young* factors. We therefore vacate the order granting dismissal with prejudice and remand to the district court for an analysis of the *Young* factors.[2]

Cadish, J.

We concur:

Stiglich, J.

Lee, J.

---

[2]Analyzing the *Young* factors here will also entail addressing whether Yanling's failure to properly disclose damages was substantially justified or harmless under NRCP 37(c)(1).